**Eric N. JONES, Petitioner**

v.

**OFFICE OF OPEN RECORDS,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 19, 2010.
Decided March 31, 2010.

Eric N. Jones, petitioner, pro se.

Corinna V. Wilson, Chief Counsel, Harrisburg, for respondent.

Linda J. Laub, Deputy Chief Counsel and Victoria Madden, Chief Counsel, Harrisburg, for intervenor, Pennsylvania Board of Probation and Parole.

BEFORE: LEADBETTER, President Judge, SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge SIMPSON.

Eric N. Jones, a state prison inmate, seeks review of a determination of the Office of Open Records (OOR) denying his written request under the recently re-enacted Right–to–Know Law (Law),[1] for

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104. The Law repealed the for-

written parole recommendations by the sentencing judge and prosecuting attorney to the Pennsylvania Board of Probation and Parole (Board). We affirm the OOR's determination that the recommendations are exempt from disclosure because they are classified as "private and confidential" under Board regulation 37 Pa.Code § 61.2.[2]

Some background to the underlying criminal case is helpful.[3] Jones was sentenced by the Honorable Harold F. Woelfel, Jr., President Judge of the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Snyder County Branch, to 13 months to seven years for simple assault, resisting arrest, and receiving stolen property. Pet. for Review at ¶ 3. Jones's minimum term expiration date was December 6, 2004, and his maximum term expiration date is November 6, 2010.

The Board denied Jones parole in 2004, 2005, 2006 and 2007, explaining each time that the decision was based, in part, on the sentencing judge's recommendations against granting Jones parole. In January 2009, Jones formally sought to recuse the judge from further involvement in his case because he averred the judge was biased against him by "being very adamant about Jones not being released on parole." Jones's Br. at 5. During a hearing on this recusal motion, the sentencing judge denied recollection of recommending unfavorable parole action for Jones.

In January 2009, Jones filed a request in which he asked the Board for access to recommendations by the sentencing judge and the prosecuting attorney. A staff member responded that Jones would have to contact the court for that information. Subsequently, the sentencing judge provided Jones with a letter stating he did not keep copies of recommendations, he did not recall making negative recommendations, and Jones should use the letter to obtain copies of the sentencing judge's recommendation from the Board.

In February 2009, Jones filed another request with the Board, again seeking the recommendations. Jones attached a redacted version of the letter from the sentencing judge.

On February 19, 2009, the Board's open-records officer issued a denial in which she concluded the records were privileged under Board regulation, 37 Pa.Code § 61.2[4].

mer Right–to–Know Law, Act of June 21, 1957, P.L. 390, *as amended, formerly* 65 P.S. §§ 66.1–66.4.

**2.** In appeals from OOR final determinations of the Law cases: "While reviewing this appeal in our appellate jurisdiction, we function as a trial court, and we subject this matter to *independent review*. We are not limited to the rationale offered in the OOR's written decision. Accordingly, we will enter narrative findings and conclusions based on the evidence as a whole, and we will explain our rationale." *Bowling v. Office of Open Records*, 990 A.2d 813, 820 (Pa.Cmwlth.2010).

All parties raise arguments as to the proper standard of review for this Court to apply when reviewing an OOR final determination. The briefs in this case were filed prior to our Court's recent *en banc* decision in *Bowling* in which we addressed this issue. We resolve these arguments as to standard of review by applying our holding in *Bowling*.

**3.** None of the documents from sentencing or from the Board's denials of parole are in the record. As neither the OOR nor the Board disputes Jones's characterization of the contents of these documents and of the procedural history, we adopt Jones's presentation of the facts for purposes of resolving the current matter before this Court.

**4.** The Board's open-records officer also provided a second basis for the denial, in particular that the information requested fell within the exception to disclosure at Section 708(b)(1)(ii) of the Law, 65 P.S. § 67.708(b)(1)(ii) because disclosure posed a threat to an individual. On subsequent appeal, the appeals officer of the OOR found the Board had not met its burden as to the appli-

This regulation provides that items the Board possesses that relate to the matters concerning "a probationer or parolee are private, confidential and privileged". 37 Pa.Code § 61.2. Jones appealed to the OOR.

The appeals officer for the OOR did not conduct a hearing or request additional information. The appeals officer issued a final determination affirming the Board on the basis of 37 Pa.Code § 61.2. Jones appealed the determination to this Court.[5]

Jones addressed in his brief the two issues he raised in his petition for review: (1) that 37 Pa.Code § 61.2 applies to probationers and parolees only, and that since he is neither, the regulation should not apply to him; and (2) the appeals officer did not appropriately perform his job because he failed to "seek additional information from the parties." Pet. for Review at ¶ 6. Jones also raised additional arguments in his brief which were not set forth in his Petition for Review. First, he raised fraudulent action by the Board in basing its parole decisions on non-existent parole recommendations. Also, Jones raised policy arguments as to why these recommendations should be public records.

The OOR argues the records requested are "private, confidential and privileged" under 37 Pa.Code § 61.2, and the Board has no discretion to release them.[6]

"The burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency ... by a preponderance of the evidence." Section 708(a)(1) of the Law, 65 P.S. § 67.708(a)(1). Commonwealth agencies are required to "provide public records" to requestors "in accordance with this act." Section 301 of the Law, 65 P.S. § 67.301. The term "records" is broadly defined to encompass "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law." Section 102 of the Law, 65 P.S. § 67.102. "A record in the possession of a

---

cability of this section, but found the issue to be moot because it agreed with the Board that the records did not have to be disclosed because of 37 Pa.Code § 61.2. In its brief before this Court, the Board does not pursue this issue.

5. Subsequent to filing his Petition for Review, but before filing his appellate brief, Jones filed with this Court a Request to Supplement the Record (Request). In this Request, Jones asked this Court to:

permit[ him] to supplement the record with the following 6 documents as 5 of these documents were not known to me at the time I brought this action before this Honorable Court. I believe that I am allowed to do this per **Rule of Appellate Procedure 1951(b)**. I strongly believe that these documents would have a great impact on the case at hand.

Request. The documents consisted of correspondence from the sentencing judge to the Board, in which the judge sought the recommendations he made as to Jones. The documents also comprised correspondence from the sentencing judge to Jones in which he attached three recommendations he received from the Board. In each of these recommendations, the sentencing judge recommended the Board not parole Jones until Jones completed domestic violence counseling. This Court denied the request because "the documents [were] not part of the agency record." Order (Pa.Cmwlth. No. 751 C.D. 2009, filed July 28, 2009) (*per curiam*).

Consistent with a subsequent direction from this Court, Jones filed an affidavit as to why his case is not moot.

6. The Board intervened before this Court and filed a brief raising an argument similar to that made by the OOR. The Board also argued Petitioner's appeal is moot because the requested documents have been provided to Jones.

There is no indication that Jones received any of the prosecuting attorney's recommendations, so we accept the assertions from Jones's affidavit that the case is not moot.

Commonwealth agency" is presumed to be a public record, and thus subject to disclosure. Section 305 of the Law, 65 P.S. § 67.305.

Significantly, this "presumption shall not apply if: ... the record is exempt from disclosure under any ... regulation...." Section 305(a)(3) of the Law, 65 P.S. § 67.305(a)(3). The Law is clear that its enactment does not "supersede or modify the public or nonpublic nature of a record or document established in ... regulation...." Section 306 of the Law, 65 P.S. § 67.306.

In this case, the Board met its burden by relying on one of its regulations, 37 Pa.Code § 61.2, which predates the Law. The regulation pertains to "Confidentiality of records," and it provides in pertinent part that:

> Records, reports and other written things and information, evaluations, opinions and voice recordings in the Board's custody or possession touching on matters concerning a probationer or parolee are private, confidential and privileged; except that a brief statement of the reasons for actions by the Board granting or refusing a parole will at all reasonable times be open to public inspection in the offices of the Board.

37 Pa.Code § 61.2.

As this regulation was in effect at the time of the Law's passage, it is not superseded by the Law. Given the broad language of this regulation, we conclude any recommendation made by the sentencing judge and prosecuting attorney would qualify as "[r]ecords" and "evaluations and opinions" that are "in the Board's custody" that "touch[ ] on matters concerning a probationer or parolee," and thus would be considered "private, confidential and privileged." Accordingly, we find the Board met its burden of establishing these rec-

ommendations are not subject to disclosure.

Jones argues several factors prevent the Board from meeting its burden. First, the regulation at issue applies only to parolees and probationers, and because he has not been granted probation or parole, he is neither. Second, Jones argues the OOR appeals officer did not perform his job adequately because he failed to seek additional information from the parties. In particular, Jones argues the appeals officer abused his discretion, and did not perform his job, because he should have supplemented the record with a letter from the prosecuting attorney that Jones received after the deadline for document submissions. These arguments are not persuasive.

■ Jones argues that he is not a parolee and that Section 61.2 applies only to parolees. In support of his argument that the confidentiality provision of Section 61.2 does not apply to him, Jones cites several cases that in some manner address how one achieves or loses parolee status, as distinguished from simply maintaining prisoner status. *See generally Krantz v. Pa. Bd. of Prob. & Parole*, 698 A.2d 701, 704 (Pa.Cmwlth.1997) (holding that "a parolee who is ordered to serve back time as a parole violator loses his or her status as a 'parolee' and has no right to be released upon expiration of the back time."); *Johnson v. Pa. Bd. of Prob. & Parole*, 110 Pa.Cmwlth. 142, 532 A.2d 50, 52 (1987) (noting that "a prisoner does not attain the status of 'parolee' until the grant of parole is actually executed."); *Franklin v. Pa. Bd. of Prob. & Parole*, 83 Pa.Cmwlth. 318, 476 A.2d 1026, 1027 (1984) (discussing how prisoners who have reached the status of "parolee" are entitled to certain procedural due process rights before their parole may be revoked).

These cases are distinguishable. The cases neither discuss Section 61.2 nor relate to the confidentiality of documents used in ascertaining whether to grant, deny, or revoke parole or probation. Rather, they focus on the importance of determining a person's "parolee" status for determining the applicability of due process protections that are afforded to "parolees" but that are not available to non-parolees. However, based on the following discussion, no due process right is implicated in the recommendations.

The General Assembly granted the Board exclusive power to parole and to discharge from parole all individuals imprisoned by a court in a correctional institution. 61 Pa.C.S. § 6132(a)(1)(i). In fulfilling this duty, the General Assembly requires the Board to investigate the inmate's "general character and background," "the nature and circumstances of the offense committed," and "[a]ny recommendations made by the trial judge and prosecuting attorney". 61 Pa.C.S. § 6135. "In view of the specialized knowledge and expertise of the Board in parole matters, our courts have consistently held that they will not interfere with the discretion of the Board in granting parole." *Johnson*, 532 A.2d at 53.

In promulgating Section 61.2, the Board ensures the confidentiality of materials it gathers in fulfilling its role of evaluating existing parolees and those seeking parole as well. For purposes of weighing the confidentiality of documents, we discern no basis to differentiate the records of one who receives parole from one who does not. Indeed, an inmate who seeks but has not been granted parole has no greater right to disclosure than an offender who has been granted parole. Accordingly, we reject this argument.

■ Additionally, we reject Jones's argument that the appeals officer abused his discretion or failed to do his job. The essence of this argument is that the appeals officer erred in failing to conduct a hearing. Section 1101(a)(2) of the Law, provides that "a decision [by the appeals officer] to hold or not hold a hearing is not appealable." 65 P.S. § 67.1102(a)(2); *see also Bowling*, 990 A.2d at 823, n. 11 (construing "this provision to be a limitation on a requester's ability to appeal the denial of a hearing."). Thus, to the extent that Jones challenges the appeals officer's denial of a hearing, we reject it.

Additionally, we are not aware of any authority that allows a sentencing judge or a prosecuting attorney to waive the Board's confidentiality provisions. Thus, even if letters offering to waive confidentiality were admitted into the record, they would have no impact on the Board's burden.

Jones also raises several arguments centered on a claim that the Board acted fraudulently by basing its parole denials on recommendations by the sentencing judge which Jones asserts do not exist. These arguments are waived because Jones did not raise them in his petition for review. *Mostatab v. State Bd. of Dentistry*, 881 A.2d 1271, 1273–74 (Pa.Cmwlth.2005).[7]

---

7. For similar reasons, we conclude that Jones's policy arguments in his brief are waived. In particular, Jones argues that because the Board's written decision on a person's parole status is a public record, the documents the Board uses in making its decision should also be a public record. Petitioner's Br. at 8. Petitioner argues that:

A prisoner, having his file open for him to read would allow for discrepancies to both be found and weeded out of the file. It would also enable the prisoner to see whether or not he needs to do more to acquire parole. If you know that you need to do more to gain parole why would you see them? Would it not be a better system

For these reasons, we affirm the final determination of the Office of Open Records.

## ORDER

**AND NOW,** this 31st day of March, 2010, IT IS ORDERED that the order of the Office of Open Records is **AFFIRMED.**

if the prisoner knows what to expect, than to be denied for some unknown reason? Or, better yet a lie? Petitioner's Br. at 8. Our judicial function requires us to decide these cases on the applicable legal authority, and not, as Jones would have us do, on the basis of weighing and choosing from alternative policies.