# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nguyen Vu,                        :

                           :

          Petitioner   :

                           :

          v.              :  No. 819 C.D. 2018

                           :  Submitted:  November 30, 2018

Pennsylvania Board        :

of Probation and Parole,    :

                           :

          Respondent :

OPINION

PER CURIAM                                 FILED:  December 13, 2018

       Nguyen Vu (Requester) petitions *pro se* for review of the Final Determination of the Office of Open Records (OOR) denying his appeal of the Pennsylvania Board of Probation and Parole's (Board) denial of his request (Request) pursuant to the Right-to-Know Law (RTKL)[1] for documents considered by the Board in the denial of his parole.  We affirm.

       Requester is an inmate at the State Correctional Institution at Greene (SCI-Greene).  On December 8, 2017, the Board recorded a decision denying Requester parole, which stated that the reasons for its decision included:  (1) his risk and needs assessment indicating his level of risk to the community; (2) reports, evaluations and assessments/level of risk indicate his risk to the community; (3) his failure to demonstrate motivation for success; (4) his minimization/denial of the nature and circumstances of the offenses committed; (5) his refusal to accept

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

responsibility for the offenses committed; (6) his lack of remorse for the offenses committed; (7) his failure to develop a parole release plan; and (8) the negative recommendation made by the prosecuting attorney. Certified Record (C.R.) Item 1 at 11.

On March 22, 2018, Requester submitted the Request to the Board seeking:

> [C]opies of reports, evaluation[s], and assessment[s] that demonstrate my lack of motivation for success, my minimization/denial of the nature and circumstances of the offense, my refusal to accept responsibility, my lack of remor[s]e, my failure to develop a release plan, and a copy of the recommendation by the prosecuting attorney.

C.R. Item 1 at 12.

On April 2, 2018, the Board's Open Records Officer (ORO) denied the Request, *inter alia*, on the basis that the requested records are not considered "public" under Section 305(a)(3) of the RTKL[2] because they are deemed confidential under Section 61.2 of the Board's regulations,[3] which provides, in relevant part:

> Records, reports, or other written things and information, evaluations, opinions, and voice recordings in the Board's custody or possession touching on matters concerning a . . . parolee are private, confidential, and privileged; except that a brief statement of the reasons for

---

[2] 65 P.S. §67.305(a)(3). Section 305(a)(3) states, in pertinent part, "A record in the possession of a Commonwealth agency . . . shall be presumed to be a public record. The presumption shall not apply if . . . the record is exempt from disclosure under any . . . regulation[.]" *See also* Section 306 of the RTKL, 65 P.S. §67.306 ("Nothing in this act shall supersede or modify the public or nonpublic nature of a record or document established in . . . regulation[.]").

[3] 37 Pa. Code §61.2.

2

actions by the Board ... refusing parole will at all reasonable times be open to public inspection in the offices of the Board.

C.R. Item 1 at 13.[4]

On March 21, 2018, Requester filed an appeal with OOR alleging that the ORO's response was "superficial, pretextual, and pathetic." C.R. Item 1 at 6-7. With respect to the application of Section 61.2 of the Board's regulations, Requester argued that this provision does not define the words "private," "confidential," and/or "privileged." *Id.* at 8. Requester also asserted that Section 61.2 was promulgated pursuant to Section 506 of the Administrative Code of 1929 (Administrative Code),[5] and that the regulation "cannot override [his] constitutional rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution because the U.S. Constitution is the supreme law of the land." *Id.* Further, Requester claimed that Section 61.2 was "in direct conflict with the law passed by the state legislature," Section 305 of the RTKL. *Id.*[6]

---

[4] The ORO also denied the Request under Section 305 of the RTKL because: (1) the records are exempt under Section 708(b)(16), 65 P.S. §67.708(b)(16), as they are related to the Board's duties in gathering criminal investigation information pursuant to Section 6135 of the Prisons and Parole Code, 61 Pa. C.S. §6135; (2) the records are exempt under Section 708(b)(17), 65 P.S. §67.708(b)(17), as related to the Board's duties in gathering non-criminal investigation information pursuant to Section 6135 of the Prisons and Parole Code; and (3) the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. §§9101-9183, prohibits secondary dissemination of information generated by another law enforcement agency. C.R. Item 1 at 13-14.

[5] Act of April 9, 1929, P.L. 498, 71 P.S. §186.

[6] Requester also assailed the alternative grounds for denial that the ORO cited. C.R. Item 1 at 7-9.

On May 7, 2018, the Governor's Office of General Counsel (Commonwealth) submitted a position statement citing *Jones v. Office of Open Records*, 993 A.2d 339, 342-43 (Pa. Cmwlth. 2010), in which this Court held "for purposes of weighing the confidentiality of documents," that there is "no basis to differentiate the records of one who receives parole from one who does not," and that "an inmate who seeks but who has not been granted parole has no greater right to disclosure than an offender who has been granted parole." C.R. Item 4 at 2.

The Commonwealth quoted *Jones*, 993 A.2d at 342, in which we stated:

> As this regulation was in effect at the time of the [RTKL]'s passage, it is not superseded by the [RTKL]. Given the broad language of this regulation, we conclude that any recommendation made by the sentencing judge and prosecuting attorney would qualify as "[r]ecords" and "evaluations and opinions" that are "in the Board's custody" that "touch [] on matters concerning a probationer or parolee," and thus would be considered "private, confidential and privileged."

C.R. Item 4 at 2. The Commonwealth stated that OOR "has reviewed the confidentiality regulation at least 20 times on appeal since the RTKL went into effect, and has never found that, but for actions 'granting or refusing parole,' the confidentiality privilege did not apply." *Id.* at 3.

The Commonwealth also attached the affidavit of the Board's ORO, David Butts, in which the ORO stated and verified, subject to Section 4904 of the Crimes Code,[7] that: (1) he has records responsive to the Request; (2) the requested records include records, reports and other written things, information, evaluations, and opinions that are in the Board's custody or possession; (3) the requested

---

[7] 18 Pa. C.S. §4904 (relating to unsworn falsification to authorities).

records touch upon matters concerning parolees that are related to their being parolees; (4) none of the requested records constitute a brief statement of the reasons for the Board's action in granting or refusing parole; and (5) the requested records are protected from disclosure by the Board's confidentiality regulation. C.R. Item 4, Exhibit B at 2, 3.

On May 21, 2018, an OOR appeals officer issued the Final Determination disposing of Requester's appeal, initially explaining:

> On May 16, 2018, [] OOR received a submission from [] Requester, asking for a ten-day extension of time to respond to the Board's submission. However, as [] OOR must issue a final determination by May 21, 2018, and [] Requester did not agree to extend the deadline by which the final determination must be issued, [] OOR was unable to grant his extension request. *See* [Section 1101(b)(1) of the RTKL,] 65 P.S. §67.1101(b)(1) (stating that "[u]nless the requester agrees otherwise, the appeals officer shall make a final determination . . . within 30 days of receipt of the appeal. . . )."

C.R. Item 6 at 2 n.2.

On the merits, OOR explained that the Board is a Commonwealth agency subject to the RTKL and that records in its possession are presumed to be public unless exempt from disclosure by regulation under Section 305(a). *Id.* at 3. OOR cited Section 61.2 of the Board's regulations and the ORO's affidavit stating the reasons why the requested records fall within the exemption. *Id.* at 4. OOR concluded, "the Board has met its burden of proving that the records are exempt from disclosure because they are confidential under its regulation. See 65 P.S. §67.305(a)(3). As the requested records are exempt under the RTKL, [] OOR does not need to address the other reasons asserted by the Board for denying the Request." C.R. Item 6 at 4. OOR also concluded that, "[t]o the extent that the

Requester argues that his status entitles him to the records, a requester's identity or motivation for making a request is irrelevant to the determination of whether a record is accessible under the RTKL." *Id.* at 4-5 (citations omitted). Based on the foregoing, OOR denied Requester's appeal and Requester filed the instant petition for review.

In this appeal,[8] Requester claims: (1) the Board violated his due process and equal protection rights and the rights of those who are similarly situated as guaranteed by the Fourteenth Amendment to the United States Constitution in denying him parole; (2) Section 61.2 of the Board's regulations providing for the confidentiality of the Board's records violates the Due Process Clause of the United States Constitution; (3) the documents relied upon by the Board to deny parole may not actually exist; (4) the ORO and the Board's counsel lied when they asserted that the Board has records that are responsive to the Request; and (5) OOR's appeals officer erred in refusing to grant an extension of time for him to respond to the Board's position statement and erred in failing to address the constitutional issues relating to the Board's denial of parole.

Regarding Requester's claims that the Board violated his constitutional rights in denying him parole, OOR's failure to address those claims in disposing of his RTKL appeal, or that there are no documents to support the Board's denial of parole, we note that the instant OOR appeal of the ORO's denial of his Request under the RTKL is not the proper proceeding in which Requester may collaterally attack the Board's denial of parole. *See generally Foster v. Pennsylvania Department of Corrections*, 159 A.3d 1020, 1022 (Pa. Cmwlth.),

---

[8] This Court's standard of review of OOR's Final Determination is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

*appeal denied*, 176 A.3d 850 (Pa. 2017) ("[T]he RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. The RTKL does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity."). *See also Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319, 323 (Pa. 1999) ("[A]ppellants have failed to demonstrate that they have a right to appellate review from a [Board] decision denying parole under either the Administrative Agency Law[9] or the Federal Constitution. This Court will not undertake to create such a right as a matter of judicial fiat.").[10] As a result, we will not entertain these claims in this appeal of OOR's Final Determination regarding the disclosure of the requested records.

With respect to Requester's claim that Section 61.2 of the Board's regulations violates the Due Process Clause, we note "due process does not require a[n evidentiary] hearing because the right to information provided by the RTKL does not involve a property right because access to public records is a 'privilege' granted by the General Assembly." *Prison Legal News v. Office of Open Records*, 992 A.2d 942, 947 (Pa. Cmwlth. 2010) (footnote omitted). In this case, the application of Section 61.2 to exempt the requested records from the definition of

---

[9] 2 Pa. C.S. §§501-508, 701-704.

[10] *But cf. Coady v. Vaughn*, 770 A.2d 287, 290 (Pa. 2001) ("[M]andamus will not lie where the substance of the board's discretionary action is the subject of the challenge. Where, however, discretionary actions and criteria are not being contested but rather the actions of the board taken pursuant to changed statutory requirements are challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the *ex post facto* clause. Such an action could be brought in the original jurisdiction of the Commonwealth Court. Absent a change in the statutes governing parole, however, denial of parole would generally constitute a discretionary matter that is not subject to review. *See Rogers*[.]") (footnote omitted).

7

"public records" subject to disclosure under Section 305(a)(3) also does not implicate any due process rights because, as stated above, the RTKL does not create any property right in the records that Requester sought. *See Sherry v. Radnor Township School District*, 20 A.3d 515, 519 (Pa. Cmwlth. 2011) ("We begin by noting that neither the RTKL nor the courts have extended a right to discovery or a right to due process to a requesting party in a RTKL action."). *See also Kane v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1287 C.D. 2014, filed July 23, 2015), slip op. at 3-4 ("'[U]nder the [RTKL], the right to examine a public record is not based on whether the person requesting the disclosure is affected by the records or if his or her motives are not pure in seeking them, but whether *any* person's rights are fixed.' . . . Therefore, the fact that [the r]equester may need the records to prove an alleged violation of his due process rights does not compel disclosure under the RTKL. Accordingly, the OOR's denial of [the r]equester's appeal did not infringe upon [the r]equester's constitutional rights.") (emphasis in original and citations and footnote omitted).[11]

Additionally, we discern no error in OOR's application of Section 61.2 to the Request in this case. As this Court has explained:

> Under the RTKL, records in the possession of a Commonwealth agency are presumed to be public unless they are: (1) exempt under Section 708 of the RTKL; (2) "protected by a privilege; or[,] (3) . . . *exempt from disclosure under any* other Federal or *State* law or *regulation* or judicial order or decree." Section 305 of the RTKL, 65 P.S. §67.305 (emphasis added). When the ground for exemption is a state law or regulation, the

---

[11] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

agency bears the burden of proving the regulation applies. [*Jones*, 993 A.2d at 342-43] (construing 37 Pa. Code §61.2 to bar access to parole recommendations).

Here, the Board argues the record is exempt under its regulation regarding confidentiality of parole files, 37 Pa. Code §61.2. Section 61.2 provides, "records, reports and other written things and information . . . touching on matters concerning a probationer or parolee are private, confidential and privileged . . . ." *Id.* The only exception is "a brief statement of the reasons for actions by the Board granting or refusing a parole," which will be open to public inspection. *Id.*

In *Jones*, this Court explained the "broad language of this regulation," encompassed any records in the Board's custody concerning a probationer or parolee. *Id.* at 342. Further, we noted, "we [were] not aware of any authority that allows a sentencing judge or a prosecuting attorney to waive the Board's confidentiality provisions." *Id.* at 343.

We defer to the Board in interpreting its own regulations as it has expertise in their application. *Id.* Here, the Board explained the record requested is one of the materials it gathers in fulfilling its role, and it is a record that touches on matters concerning Requester, a probationer or parolee. C.R. at Item No. 3 (Position Statement). The Affidavit supports these facts. C.R. at Item No. 3 (Affidavit). It also confirms that the probation order is not excepted from the regulation as a written statement of the reasons for granting or refusing parole. *Id.*, Affidavit at 3. Thus, under the broad language of the regulation, the probation order is protected.

*Davis v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 944 C.D. 2015, filed June 3, 2016), slip op. at 3-4. Likewise, in the instant case, the ORO's affidavit supports his determination, and OOR's conclusion, that the instant requested records fall within the exemption of Section 305(a)(3) of the RTKL

9

thereby removing them from the definition of "public records" that are subject to disclosure under the statute.

Requester next claims that the ORO and the Board's counsel lied when they asserted that the Board possesses records that are responsive to the request. However, as indicated above, the ORO executed the affidavit subject to the penalties of Section 4904 of the Crimes Code in which he stated: (1) he has records responsive to the Request; (2) the requested records include records, reports and other written things, information, evaluations, and opinions that are in the Board's custody or possession; (3) the requested records touch upon matters concerning parolees that are related to their being parolees; and (4) none of the requested records constitute a brief statement of the reasons for the Board's action in granting or refusing parole. C.R. Item 4, Exhibit B at 2, 3.

Under the RTKL, testimonial affidavits may serve as sufficient evidentiary support for the existence or non-existence of a requested record. *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010). Moreover, in the absence of any evidence that the Board acted in bad faith or that the records do not exist, "the averments in [the affidavit] should be accepted as true." *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014) (citation omitted). In sum, Requester's unfounded allegation in this regard is without merit.

Finally, Requester contends that OOR's appeals officer erred in refusing to grant him an extension of time to respond to the Board's position statement. However, as the appeals officer explained, Requester's request for an extension of time was submitted five days before OOR was required to issue its Final Determination under Section 1101(b)(1) of the RTKL, and Requester did not

10

agree to extend that deadline. Requester asserts that "[i]t does not logically follow that [he] did not agree to extend the deadline by the same amount of time." Brief for Petitioner at 22. However, our review of the Request does not expressly waive the requirements of Section 1101(b)(1) of the RTKL, *see* C.R. Item 5, and we will not find an agreement to extend the foregoing mandatory deadline by implication.

> As this Court has stated:
>
> [T]he statutory procedures in the RTKL are "designed to dispose of most disputes in an efficient and timely fashion." Section 1101(b)(1) of the RTKL requires an appeals officer to issue the final determination within thirty days of receipt of the appeal, "[u]nless the requester agrees otherwise." Section 1101(b)(2) of the RTKL provides that failure of the appeals officer to issue a timely final determination is treated as a deemed denial.[12] The fact that the General Assembly chose to include the deemed denial language in the statute bolsters our conclusion that the statutory deadline imposed on OOR to issue a final determination is essential to the statutory purpose of the RTKL.

*Pennsylvania Department of Education v. Bagwell*, 131 A.3d 638, 660 (Pa. Cmwlth. 2015) (citations omitted). Thus, in the absence of Requester's express agreement to extend the mandatory deadline of Section 1101(b)(1), the OOR appeal would have been automatically deemed denied as a matter of law at the expiration of 30 days under Section 1101(b)(2). In sum, OOR's appeals officer did not err in this regard, as he issued the Final Determination on the merits as statutorily required five days after receiving Requester's request to extend the time to submit a responsive statement.

Accordingly, OOR's Final Determination is affirmed.

---

[12] 65 P.S. §67.1101(b)(2). Section 1101(b)(2) states, "If the appeals officer fails to issue a final determination within 30 days, the appeal is deemed denied."

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nguyen Vu,                    :
                                 :
                Petitioner     :
                                   :
                   v.             : No. 819 C.D. 2018
                                   :
Pennsylvania Board        :
of Probation and Parole,   :
                                   :
               Respondent : 

**PER CURIAM**

# **O R D E R**

AND NOW, this 13th day of December, 2018, the Office of Open Records' Final Determination dated May 21, 2018, is AFFIRMED.