# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Madison, : 
                Petitioner : 
                 : 
         v. : No. 820 C.D. 2018
                 : Submitted: January 25, 2019
Pennsylvania Board of Probation : 
and Parole, : 
                Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**         **FILED: March 27, 2019**

Lawrence Madison (Requester), representing himself, petitions for review from the Office of Open Records' (OOR) final determination upholding the Pennsylvania Board of Probation and Parole's (Board) denial of his request under the Right-to-Know Law (RTKL).[1] The Board denied access to the decision on revocation based on the protection in Board regulation 37 Pa. Code §61.2 (the Regulation). Upon review, we reverse.

## I. Background

Requester, an inmate at the State Correctional Institution at Albion, seeks a record related to his parole revocation in 2012. In February 2018, he submitted a RTKL request to the Board for a copy of the decision of July 19, 2012, following his revocation hearing, presumably on the same date (Prior Request). In response,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

the Board provided a copy of the Notice of Board Decision dated August 15, 2012. Relevant here, Requester advised the Board the record it sent was not responsive because it pertained to a 2010 arrest and technical parole violation. Based on the Prior Request, he submitted another request for the following:

> the <u>revocation</u> hearing in this same matter [parole case no. 85430] <u>decisional</u> part that was rendered *after* my conviction and state prison sentence.

(Request) (underline in original; italics added). Certified Record (C.R.), Item No. 1. The Board denied access, citing the investigative exceptions in Section 708(b) of the RTKL, 65 P.S. §§67.708(b)(16), (b)(17), the Criminal History Record Information Act, 18 Pa. C.S. §§9101-9183, and the Regulation.

Requester appealed to OOR, asserting the Board did not provide the decisional document sought in the Request. His appeal explained: "Requester is entitle[d] to any brief statement of the reasons for actions by the [B]oard." C.R., Item No. 1. He advised this brief statement "is public under the RTKL." <u>Id.</u> OOR assigned an appeals officer and developed the record.

Significantly, before OOR, the Board relied on the Regulation as its sole basis for denial. C.R., Item No. 3. In addition to its position statement, which outlined protections in the Regulation, the Board submitted an affidavit of David M. Butts, its Open Records Officer (Affidavit). The Open Records Officer confirmed the Board possessed responsive records. <u>Id.</u>, Affidavit at ¶6. However, quoting the Regulation, he attested the requested record did not constitute "a brief statement of the reasons for action by the Board granting or refusing a parole." <u>Id.</u>, Affidavit at ¶10.

After the record closed, the appeals officer emailed the *Board* about "what document [Requester] is seeking" because she was unfamiliar with parole hearings. C.R., Item No. 4 (Emails). She also asked why the decisional document sought in the Request was not the same as the decision provided in response to the Prior Request. Id. The Board replied that the decision was the official Board action, similar to a final order. It described the requested record as a "hearing report."[2] Id.

OOR issued a final determination upholding the Board's denial under the Regulation. See Madison v. Pa. Bd. of Prob. & Parole, OOR Dkt. No. AP 2018-0818 (issued June 4, 2018) (Final Determination); C.R., Item No. 5. OOR concluded that the Board proved the "hearing report" was confidential under the Regulation. Id. at 1. In a footnote, the Final Determination stated: "[Requester] had previously filed a request and received the Board action, which explained the results of his hearing. Therefore, the Board reasonably inferred that the 'decisional part' referred to the full hearing report in the same action." Id. at 2 n.1.

Requester then filed a petition for review to this Court.[3]

## II. Discussion

On appeal, Requester argues OOR erred in determining the Request sought a "hearing report" when it did not contain those words. He asserts the decisional record is public under the Regulation as a brief statement of reasons for

---

[2] Although the appeals officer's initial email states it was copied to Requester by U.S. mail, there is no indication the Board's response or the appeals officer's reply was sent to Requester.

[3] In an appeal involving a Commonwealth agency, this Court may rely on the record developed before the appeals officer. Dep't of Labor & Indus. v. Heltzel, 90 A.3d 823 (Pa. Cmwlth. 2014) (en banc). Our review of matters of law is plenary. Id.

3

the decision. He contends the Request clearly sought the decisional document, and he assigns error in that "the [B]oard and OOR took it upon themselves to mis-word [sic] the [R]equest as a hearing report." Pet'r's Br. at 8.

Because identifying the record requested is crucial to evaluating its public status, we address Requester's challenge to the Board's and OOR's construction of his Request first.

### A. Construction of Request

A requester may challenge an agency's or an appeals officer's construction of his request on appeal. See, e.g., UnitedHealthcare of Pa., Inc. v. Dep't of Human Servs. (Pa. Cmwlth., No. 824 C.D. 2017, filed May 31, 2018), 2018 WL 2436334 (unreported) (assessing agency's interpretation of request); Shuler v. Dep't of Corr. (Pa. Cmwlth., No. 237 C.D. 2016, filed November 1, 2016), 2016 WL 6441187 (unreported) (holding agency narrowly construed request to exclude responsive records; remanding to assess nature of additional records); see also Coulter v. Dep't of Pub. Welfare, 65 A.3d 1085 (Pa. Cmwlth. 2013) (relying on plain language of request to support noncriminal investigative exception). When evaluating such a challenge, this Court considers the plain language of a RTKL request as compared to an agency's interpretation of a request. UnitedHealthcare of Pa.; see Uniontown Newspapers, Inc. v. Dep't of Corr., 151 A.3d 1196 (Pa. Cmwlth. 2016) (construing plain language of request in enforcement context).

On appeal to OOR, the Board characterized the Request as "seek[ing] the actual decisional instrument (i.e.[,] hearing report) that was drafted as a result of

4

the Board's decision." C.R., Item No. 3 (emphasis added). OOR adopted the Board's characterization evinced by repeated statements in the Final Determination that the Request sought a "hearing report." See Final Determination at 1, 4.

From our review, we agree that OOR recast the Request so as to alter the record requested. OOR's construction of the Request as seeking a "hearing report" is not consistent with its plain language. The term "hearing report" is not contained in the Request or the Prior Request. C.R., Item No. 1.

In addition, OOR's construction directly contradicts Requester's submissions to OOR. In his appeal to OOR, Requester stated he was entitled to the brief statement of reasons for the revocation decision. His Request clearly, and with emphasis, sought the "<u>decisional</u> part that was rendered after my conviction." C.R., Item No. 1 (Request). Requester also stated in his appeal to OOR: "Requester did not, or does not request any records, reports and other written things and information, evaluations, opinions and voice recordings, etc. He just wants the decision, or brief statement … that all parolees receive after the conclusion of the hearing." C.R., Item No. 1 (Appeal at 2).

Instead of being guided by Requester's submissions, OOR adopted the Board's characterization of the Request. Indeed, after the record closed, OOR asked the Board what record Requester sought. C.R., Item No. 4. The Board responded by email. Thus, OOR had no evidence supporting the Board's proffered construction. In adopting the Board's construction here, OOR's construction was unreasonable. <u>UnitedHealthcare of Pa.</u>

Moreover, long-standing precedent holds OOR may not modify a request on appeal. Pa. State Police v. Office of Open Records (George), 995 A.2d 515 (Pa. Cmwlth. 2010). The requester, not the agency or appeals officer, is the architect of his RTKL request, and is in the best position to explain what he means. In the event an appeals officer needs clarification on what a requester seeks, and the record lacks information on that issue, an appeals officer should contact the requester to discern the records sought, not the agency. Further, to the extent there is a dispute regarding construction of a RTKL request, and OOR makes a finding in that regard, such a finding must be supported by evidence.

Because OOR's construction of the Request as a hearing report is contrary to Requester's description, we deem it unreasonable. Therefore, we turn to the legal issue before us to determine the public nature of the records requested.

### B. Public Status

As to public status, Requester argues the information requested is specifically excluded from the confidentiality part of the Regulation. He contends the statement of reasons for the revocation decision is public as a matter of law under the same Regulation the Board cites to shield it. He maintains that to the extent there is no separate document that is entirely comprised of a statement of reasons for the revocation decision, the Board has the duty to redact the record it has so that the public information is disclosed.

Under the RTKL, records in possession of a Commonwealth agency are presumed to be public unless they are: (1) exempt under Section 708 of the RTKL;

6

(2) "protected by a privilege; or[,] (3) … exempt from disclosure under any other Federal or State law or regulation or judicial order or decree."  Section 305(a) of the RTKL, 65 P.S. §67.305(a) (emphasis added).  When the ground for exemption is a regulation, the agency bears the burden of proving the regulation applies.  See Jones v. Office of Open Records, 993 A.2d 339 (Pa. Cmwlth. 2010).

Here, the Board argues the record is exempt under the Regulation (relating to confidentiality of parole files).  It provides, "records, reports and other written things and information ... touching on matters concerning a probationer or parolee are private, confidential and privileged ...."  37 Pa. Code §61.2.  Id.  Relevant here, there is an exception for "a brief statement of the reasons for actions by the Board granting or refusing a parole," which shall be open to public inspection.  Id.

This Court has addressed the Regulation as an exemption numerous times in the RTKL context.  See, e.g., Coulter v. Pa. Bd. of Prob. & Parole, 48 A.3d 516 (Pa. Cmwlth. 2012) (protecting parolee home plans); Jones (protecting parole recommendations); Vu v. Pa. Bd. of Prob. & Parole  (Pa. Cmwlth., No. 819 C.D. 2018, filed December 13, 2018) (per curiam), 2018 WL 6546307 (unreported) (protecting reports, assessments of motivation and remorse, and prosecutor's recommendation); Davis v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 944 C.D. 2015, filed June 3, 2016), 2016 WL 3129924 (unreported) (protecting probation order).  However, we have not analyzed the exception to the Regulation that makes public the "brief statement of the reasons" for a revocation decision.  37 Pa. Code §61.2.

7

In his appeal to OOR, Requester argued the record he sought was public because the Regulation makes the statement of reasons public as a matter of law. C.R., Item No. 1. He explained that the record he expected to receive was in fact that statement of reasons. Id. The language of the Regulation specifies that the brief statement of reasons is public. The Board relied entirely on the Regulation as the basis for not disclosing records responsive to the Request.[4]

Here, the Board acknowledged responsive records exist. See Affidavit at ¶6. Notably, the Board did not deny the existence of a statement of reasons. Rather, it claimed that "[n]one of the requested records constitute[s] 'a brief statement of the reasons'…." Affidavit at ¶10 (emphasis added).

Section 306 of the RTKL provides that "nothing in [the RTKL] shall supersede or modify the public or nonpublic nature of a record or document established in … regulation." 65 P.S. §67.306. Therefore, as a matter of law, Requester is entitled to the brief statement of reasons described in the Regulation. To the extent the statement of reasons is contained in another document, the remainder of which is protected by the Regulation, the Board shall redact the record and disclose the public portions (i.e., brief statement of reasons) to Requester. Section 706 of the RTKL, 65 P.S. §67.706; see Pa. State Police v. Grove, 161 A.3d 877 (Pa. 2017).

---

[4] The Board raised no other grounds for nondisclosure to the fact-finder, OOR. Thus, it is precluded from raising such exemptions now. Levy v. Pa. Senate, 94 A.3d 436 (Pa. Cmwlth. 2014).

### III. Conclusion

For the foregoing reasons, we reverse OOR's Final Determination and direct disclosure of the brief statement of reasons for the revocation decision that is public under the Regulation.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Madison,                          :
                   Petitioner              :
                                :
           v.                                :   No. 820 C.D. 2018
                                :
Pennsylvania Board of Probation            :
and Parole,                                :
                 Respondent              :

# **O R D E R**

**AND NOW**, this 27th day of March, 2019, the final determination of the Office of Open Records is **REVERSED**. The Pennsylvania Board of Probation and Parole shall provide Petitioner access to the "statement of reasons …" that are exempt from the confidentiality protection in 37 Pa. Code §67.2, by redaction of other information, if necessary, within thirty (30) days.

 

ROBERT SIMPSON, Judge