IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William E. Webster III,                     :
                      Petitioner            :
                                            :    No.  1048 C.D. 2018
              v.                            :
                                            :    Submitted:  January 18, 2019
Pennsylvania Board of Probation             :
and Parole,                                 :
                      Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


_**OPINION NOT REPORTED**_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  April 12, 2019


          William E. Webster III (Requester) petitions *pro se* for review of the July

2, 2018 final determination of the Office of Open Records (OOR) that dismissed his

appeal from the Pennsylvania Board of Probation and Parole's (Board) denial of his

request for documents related to his parole hearing under the Right-to-Know Law

(RTKL).[1]

          On November 19, 2017, Requester, an inmate at the State Correctional

Institution at Somerset, filed a request with the Board for "the completed [Board] form

361 used for the 6/26/17 parole hearing/interview."  (Certified Record (C.R.), Item 1

at 2.)  Pursuant to the Board's regulations and policies, a "PBPP—361 Form," officially

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

entitled a "Parole Decisional Instrument," is a document that is prepared by institutional parole staff. PBPP 361—Parole Decisional Instrument.[2] As defined, a PBPP—361 Form is "designed only to assist the Board in the exercise of its discretion" regarding whether or not to grant parole and to ensure that the Board "give[s] proper consideration to all [the] factors set forth by the [Prisons and Parole Code (Code)[3]]." PBPP 361—Parole Decisional Instrument.[4]

On December 4, 2017, the Board denied the request, stating, among other things, that the requested records were confidential under Section 61.2 of the Board's regulations, which provides as follows:

> Records, *reports and other written things and* information, *evaluations*, opinions and voice recordings in the Board's custody or possession *touching on matters concerning a* probationer or *parolee are private, confidential and privileged*; except that a brief statement of the reasons for actions by the Board granting or refusing a parole will at all reasonable times be open to public inspection in the offices of the Board.

37 Pa. Code §61.2 (emphasis added).

---

[2] A copy of the PBPP-361 Form is available on the Board's website at https://www.pbpp.pa.gov/Understanding%20Parole/Documents/PDI%20361%2009-2014.pdf (last visited March 29, 2019). *See* Section 6139(b) of the Code, 61 Pa.C.S. §6139(b) ("In granting and . . . in discharging from parole, the [Board] . . . may act on the report submitted to them by their agents and employees, together with any pertinent and adequate information furnished to them by fellow members of the [B]oard or by others.").

[3] 61 Pa.C.S §§101-7123.

[4] *See* the Board's Policies, Volume III, Chapter III, Case Records, Decision Processing, 3.02.04, VI.F (discussing the details and scoring method for a PBPP—361); 3.02.07, VI.A.(1-2) (discussing the Board's procedure for granting or refusing parole). *See also* Section 6137(a) of the Code, 61 Pa.C.S. §6137(a) (General criteria for parole); Section 2154.5 of the Judicial Code, 42 Pa.C.S. §2154.5 (Adoption of guidelines for parole).

Requester appealed to the OOR, contending that the Board's denial was inconsistent with the intent of the RTKL and that he has a due process right to the requested information. (C.R. at Item 1, 5-9.) The OOR invited the parties to supplement the record. On January 25, 2018, the Board submitted a position statement and also a statement made under the penalty of perjury by David Butts, the Board's Open Records Officer. In his statement, Butts attested that, while the Board has records that are responsive to the request, including the PBPP—361 Form, these records are privileged under Section 61.2 because they pertain to matters concerning Requester's parole eligibility. Butts also attested that the Board has already provided Requester with the "Notice of Board Decision," dated December 4, 2017, which was made in connection with Requester's June 26, 2017 parole hearing and contained the Board's "statement of reasons" for denying him parole. (OOR's decision at 2-4; C.R. Item 3, at 1-9.)[5]

By a decision and final determination dated July 2, 2018, the OOR denied Requester's appeal, and Requester filed a petition seeking further review.

Before this Court,[6] Requester renews the arguments he advanced before the OOR. He further contends that the Board failed to meet its burden of proving an exemption and asserts that the document he requested does not pose a threat to national or personal security and fails to qualify as a criminal investigative record.

Under Section 305(a)(3) of the RTKL, a record in the possession of a Commonwealth agency is presumed to be a public record subject to disclosure, but

---

[5] *See* Section 6139(a)(5) of the Code, 61 Pa.C.S. §6139(a)(5) (stating that "whenever an application for parole is refused by the [B]oard, a brief statement of the reasons for the [B]oard's action shall be filed of record in the offices of the [B]oard and shall be at all reasonable times open to public inspection").

[6] Our standard of review of a final determination issued by the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

documents need not be released to a requester when "the record is exempt from disclosure under any other . . . State law or regulation[.]" 65 P.S. §67.305(a)(3). If the request for a document, on its face, establishes that it is exempt from disclosure based on the language of the exemption, the department or agency responding to the request will be deemed to have carried its burden of demonstrating that the record is exempt as a matter of law. *Coulter v. Department of Public Welfare*, 65 A.3d 1085, 1090 (Pa. Cmwlth. 2013).

In pertinent part, Section 61.2 exempts as confidential and privileged information "reports and other written things and . . . evaluations . . . in the Board's custody or possession touching on matters concerning a . . . parolee[.]" 37 Pa. Code §61.2. This Court has recognized that the regulation contains "broad language" and, by promulgating it, "the Board [has] ensure[d] the confidentiality of materials it gathers in fulfilling its role of evaluating existing parolees and those seeking parole as well." *Jones v. Office of Open Records*, 993 A.2d 339, 342-43 (Pa. Cmwlth. 2010).

Here, by the very nature of the request, Requester sought a document that is plainly exempt under Section 61.2. As explained above, a PBPP—361 Form is a record that assimilates information that is utilized by the Board to assist it in determining whether an inmate should be granted parole. Although the Board relies on, or at least consults, a PBPP—361 Form prior to rendering a parole decision, the PBPP—361 Form is not part of the decision itself or the statement of reasons that accompany such a decision. The request, consequently, is one that seeks documents that are facially exempt from disclosure. *See Kane v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1287 C.D. 2014, filed July 23, 2015) (unreported), slip op. at 4-5 (concluding that a request for documents from the district attorney's office regarding its negative recommendation that an inmate be denied parole were "private,

4

confidential and privileged pursuant to Section 61.2").[7] This understanding of the PBPP—361 Form is further confirmed by the averments in Butts' verified statement, and, "[w]here, as here, no evidence has been presented to show that the [Board or Butts] acted in bad faith, the averments . . . should be accepted as true." *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014). Moreover, in *Vu v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 819 C.D. 2018, filed December 13, 2018) (unreported), this Court rejected a requester's contention that Section 61.2 operates as a deprivation to, or otherwise violates, a requester's due process rights. We explained that "application of Section 61.2 to exempt the requested records from the definition of 'public records' subject to disclosure under Section 305(a)(3) . . . does not implicate any due process rights because . . . the RTKL does not create any property right in the records that [r]equester sought." *Id.*, slip op. at 7-8. The same conclusion applies here.

Requester's remaining arguments regarding national security, personal security, and the noncriminal investigative exemption all pertain to bases upon which a department or agency could deny access to requested records.[8] Having concluded that the Board established that the requested record is exempt from disclosure pursuant to Section 61.2 of its regulations, these arguments are immaterial to our disposition and we decline to address them.

---

[7] Although unreported decisions are not binding precedent, this Court considers and cites them for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[8] *See* Section 708(b)(1)(ii), (b)(2), and (b)(16) of the RTKL, 65 P.S. §67.708(b)(1)(ii) (exempting from disclosure a record which "would be reasonably likely to result in a substantial and demonstrable risk [to] the personal security of an individual"); (b)(2) (exempting "[a] record maintained by an agency in connection with the . . . national defense . . . that if disclosed would be reasonably likely to jeopardize or threaten public safety or preparedness or public protection activity); (b)(16) (exempting "[a] record of an agency relating to or resulting in a criminal investigation").

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William E. Webster III,       :
           Petitioner       :
                             :    No. 1048 C.D. 2018
           v.                   :
                             :
Pennsylvania Board of Probation     :
and Parole,                      :
           Respondent     :

## *ORDER*

AND NOW, this 12th day of April, 2019, the July 2, 2018 final determination of the Office of Open Records is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge