IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Hayden,                              :
                Petitioner            :
                                    :
        v.                                  :
                                      :
Pennsylvania Board of                       :
Probation and Parole,                       :   No. 1065 C.D. 2018
                Respondent           :   Submitted: March 8, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: July 9, 2019

        Joseph Hayden (Requester) petitions for review of the May 23, 2018 Final Determination (Final Determination) of the Pennsylvania Office of Open Records (OOR), which denied Requester's request to the Pennsylvania Board of Probation and Parole (Board) seeking reports regarding his parole pursuant to the Right-to-Know Law (RTKL).[1]  The Board denied access under its confidentiality regulation that applies to parole files, 37 Pa. Code § 61.2.  Upon review, we affirm.

        On April 3, 2018, Requester, an inmate at State Correctional Institution–Houtzdale, submitted to the Board a request for reports regarding multiple infractions he received as a parolee from February 23, 2015 through May

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

6, 2015, and which had led to his parole violation and ultimate re-incarceration. *See* Handwritten Original Record Request (Request) attached to Requester's April 25, 2018 OOR Appeal (Appeal); Certified Record Document No. 1. Specifically, the Request reads:

> From 2/23/15 to 5/6/15 I was a resident of the 704 Second Ave[.] Pittsburgh Renewal Inc. halfway house. During this time I received multiple infractions which lead [sic] to me being violated. Parole oversaw and signed off on all of the infraction reports so Parole has a record of them. These infraction reports are being used against me and I can't get a copy of them from in house parole. So under the right to know I'm requesting these records of all the infraction reports I received while a resident of Renewal Inc. halfway house. Thank you for your time.

Request; Certified Record Document No. 1. On April 10, 2018, the Board denied the Request by letter, explaining that the records Requester sought were confidential under the Board's confidentiality regulation, 37 Pa. Code § 61.2.[2] *See* Letter from Board to Requester dated April 10, 2018, attached as Exhibit B to the Board's Position Statement filed May 8, 2018 (Position Statement); Certified Record Document No. 3.

Requester appealed the Board's determination on April 25, 2018, claiming that the information he sought concerned his parole violation

---

[2] The Board also informed Requester that the records sought were confidential under the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. §§ 9101-9183, and were otherwise excepted from requester access under the RTKL by virtue of the records being related to criminal and non-criminal investigations, Section 708(b)(16) & (17) of the RTKL, 65 P.S. § 67.708(b)(16) & (17), respectively. *See* Letter from Board to Requester dated April 10, 2018, attached as Exhibit B to the Position Statement; Certified Record Document No. 3. In its Position Statement filed with the OOR a month later and in its brief to this Court, the Board argues only the application of its confidentiality regulation, 37 Pa. Code § 61.2. *See* Position Statement; Certified Record Document No. 3; *see also* Board's Brief at 7-9.

recommitment and had nothing to do with any criminal investigation. *See* Appeal; Certified Record Document No. 1. On May 8, 2018, the Board submitted a written position statement in response to the OOR's invitation to the parties to supplement the record. *See* Position Statement; Certified Record Document No. 3. In the Position Statement, the Board argued that Requester's requested records are confidential pursuant to 37 Pa. Code § 61.2, the confidentiality regulation that pertains to all matters regarding probationers and parolees. *See id.* On May 23, 2018, the OOR issued its Final Determination denying the Appeal. *See* Final Determination; Certified Record Document No. 4. Requester timely petitioned this Court for review.

We begin with an overview of the RTKL. "The objective of . . . [this] [l]aw . . . is to empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012). Further, the RTKL is remedial in nature and is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions." *Pa. Dep't of Educ. v. Bagwell,* 114 A.3d 1113, 1122 (Pa. Cmwlth. 2015) (citation omitted). "[C]ourts should liberally construe the RTKL to effectuate its purpose of promoting access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions." *Barnett v. Pa. Dep't of Pub. Welfare*, 71 A.3d 399, 403 (Pa. Cmwlth. 2013) (internal quotations omitted). "Consistent with the RTKL's goal of promoting government transparency and its remedial nature, the exceptions to disclosure of public records must be narrowly construed." *Bagwell,* 114 A.3d at 1122.

3

Before this Court,[3] Requester argues that reports regarding the infractions he received as a resident of a halfway house during a period of parole are not confidential, and therefore, he is entitled to receive copies of those reports. *See* Requester's Brief at 5. In his Appeal, Requester argues that, per Section 61.2 of the Pennsylvania Code, 37 Pa. Code § 61.2, he is allowed to inspect documents that the Board may use against him in determining his parole status. *See* Appeal. Requester is incorrect.

Records in the possession of a Commonwealth agency are presumed to be public unless they are exempt under Section 708 of the RTKL, protected by a privilege, or exempt from disclosure under any other federal or state law or regulation or judicial order or decree. Section 305(a) of the RTKL, 65 P.S. § 67.305(a). When the ground for exemption is a state law or regulation, the agency bears the burden of proving the regulation applies. *Jones v. Office of Open Records*, 993 A.2d 339, 341–42 (Pa. Cmwlth. 2010) (construing 37 Pa. Code § 61.2 to bar access to parole recommendations). The burden of establishing an exemption may be met "through an unsworn attestation or a sworn affidavit." *Global Tel\*Link Corp. v. Wright*, 147 A.3d 978, 980 (Pa. Cmwlth. 2016).

Here, the Board argues that the records Requester seeks are exempt under its regulation regarding confidentiality of parole files, 37 Pa. Code § 61.2. Section 61.2 of the Pennsylvania Code provides as follows:

> Records, reports and other written things and information, evaluations, opinions and voice recordings in the Board's custody or possession touching on matters concerning a

---

[3] "This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary." *Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

4

probationer or parolee are private, confidential and privileged; except that a brief statement of the reasons for actions by the Board granting or refusing a parole will at all reasonable times be open to public inspection in the offices of the Board.

37 Pa. Code § 61.2. This Court has explained that "the broad language of this regulation" encompasses any records in the Board's custody concerning a probationer or parolee. *Jones*, 993 A.2d at 342. Further, "[i]n view of the specialized knowledge and expertise of the Board in parole matters, our courts have consistently held that they will not interfere with the discretion of the Board in granting parole." *Id.* at 343.

Here, the Board explained to the OOR that the records sought by Requester "touch upon matters concerning [Requester's] parole, and are related to his probation and parole." Position Statement at 3. The Affidavit of the Board's Open Records Officer attached to the Position Statement supports these facts. *See* Affidavit of David M. Butts (Affidavit), attached as Exhibit C to the Position Statement, at 2-3. Specifically, following a description of Mr. Butts' duties as the Open Records Officer and a statement that he was familiar with the Request, the Affidavit states, in pertinent part:

**Board's Response Concerning Joseph Hayden**

. . .

**Review of Board Records:**

6. The Board has records that are responsive to his request.

. . .

5

8.  The aforementioned records, *supra* ¶¶ 4, 6, includes [sic] records, reports and other written things, information, evaluations, and opinions that are in the Board's custody or possession.

9.  The aforementioned records, *supra* ¶¶ 4, 6, touch upon matters concerning parolees or probationers that are related to their being a probationer or parolee.

10.  None of the requested records constitute "a brief statement of the reasons for action by the Board granting or refusing a parole."

11.  Accordingly, the records requested by Mr. Hayden are protected from disclosure by the Board's confidentiality regulation.

Affidavit at 2-3. Thus, under the broad language of the confidentiality regulation, the documents Requester seeks are protected. 37 Pa. Code § 61.2; *Jones*.

For the foregoing reasons, the OOR's Final Determination is affirmed.[4]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[4] To the extent Requester's brief purports to argue his position based on the Pennsylvania Department of Corrections' Bureau of Community Corrections' Universal Set of Rules (BCC Rules), *see* Requester's Brief at 5-6 & 8, we note that Requester raises this issue for the first time in his brief, and it is accordingly waived. *See* Pa.R.A.P. 1551.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Hayden,                          :
            Petitioner              :
                                 :
          v.                                  :
                                 :
Pennsylvania Board of                   :
Probation and Parole,                   :   No. 1065 C.D. 2018
            Respondent            :

## O R D E R

AND NOW, this 9th day of July, 2019, the May 23, 2018 Final Determination of the Pennsylvania Office of Open Records is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge