# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelo Lenell Davis,     :
     Petitioner  :
          :
    v.      :  No. 944 C.D. 2015
          :  Submitted: April 22, 2016
Pennsylvania Board of Probation :
and Parole,      :
     Respondent :

BEFORE: HONORABLE ROBERT SIMPSON, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**     **FILED: June 3, 2016**

Angelo Lenell Davis (Requester) petitions for review from the Office of Open Records' (OOR) final determination that denied access to records he sought pursuant to the Right-to-Know Law (RTKL).[1] Requester sought a copy of his sentencing order from the Pennsylvania Board of Probation and Parole (Board). The Board denied access under its confidentiality regulation that applies to parole files, 37 Pa. Code §61.2, as well as the investigative exceptions under the RTKL. Upon review, we affirm.

## I. Background

Requester submitted a request to the Board seeking: "a copy of the written, signed, and dated 'Probation Order' issued by the Dauphin County Court of Common Pleas Judge Lawrence F. Clark, Jr. issued on January 30, 2007, Case

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

No. 3275-CF-2006 July 7, 2006." Certified Record (C.R.) at Item No. 1 (Request). The Board denied access, asserting the record was protected by its confidentiality regulation, 37 Pa. Code §61.2, by the criminal and noncriminal investigative exceptions under the RTKL, and by the Criminal History Record Information Act, 18 Pa. C.S. §§9101–9183. However, the Board directed Requester to request a copy of the order directly from the Dauphin County Court of Common Pleas (Sentencing Court). Requester appealed to OOR.

On appeal to OOR, the Board submitted a position statement describing its operations and the record requested. The Board reasserted its denial grounds and submitted an affidavit of its Deputy Open Records Officer (Affidavit). In the Affidavit, the affiant attested the requested record did not constitute a "statement of the reasons for actions by the Board granting or refusing a parole." C.R. at Item No. 3, Affidavit at 3.

OOR issued a final determination upholding the Board's denial of access. See Davis v. Pa. Bd. of Prob. & Parole, OOR Dkt., No. AP 2015-0479 (issued May 4, 2015). OOR reasoned the Board established the probation order is maintained in its parole file, which is confidential under the Board's regulation, 37 Pa. Code §61.2. OOR determined the regulation is sufficiently broad to encompass the entire contents of the parole file, other than the Board's statement of reasons for granting or refusing parole. However, OOR noted its determination did not preclude Requester from obtaining the probation order from other sources.

Requester then filed a petition for review to this Court.

2

## II. Discussion

On appeal,[2] Requester argues the probation order[3] is a public record. He contends the clerk of courts for the Sentencing Court is required to maintain such orders in the criminal case file. He also claims he requested the record from the Sentencing Court, which responded that "[a] sentencing order was not filed." Pet. for Review at 2, Ex. 1. As a consequence, he asserts his sentence is void.

Under the RTKL, records in possession of a Commonwealth agency are presumed to be public unless they are: (1) exempt under Section 708 of the RTKL; (2) "protected by a privilege; or[,] (3) … <u>exempt from disclosure under</u> <u>any</u> other Federal or <u>State</u> law or <u>regulation</u> or judicial order or decree." Section 305 of the RTKL, 65 P.S. §67.305 (emphasis added). When the ground for exemption is a state law or regulation, the agency bears the burden of proving the regulation applies. <u>Jones v. Office of Open Records</u>, 993 A.2d 339 (Pa. Cmwlth. 2010) (construing 37 Pa. Code §61.2 to bar access to parole recommendations).

Here, the Board argues the record is exempt under its regulation regarding confidentiality of parole files, 37 Pa. Code §61.2. Section 61.2 provides, "records, reports and other written things and information ... touching on matters concerning a probationer or parolee are private, confidential and privileged ...." <u>Id.</u> The only exception is "a brief statement of the reasons for actions by the Board granting or refusing a parole," which will be open to public inspection. <u>Id.</u>

---

[2] In a RTKL appeal involving a Commonwealth agency, this Court has the discretion to rely upon the record created below or to create its own. <u>Dep't of Labor & Indus. v. Heltzel</u>, 90 A.3d 823 (Pa. Cmwlth. 2014) (<u>en banc</u>).

[3] Requester uses the terms "probation order" and "sentencing order" interchangeably.

In Jones, this Court explained the "broad language of this regulation," encompassed any records in the Board's custody concerning a probationer or parolee. Id. at 342. Further, we noted, "we [were] not aware of any authority that allows a sentencing judge or a prosecuting attorney to waive the Board's confidentiality provisions." Id. at 343.

We defer to the Board in interpreting its own regulations as it has expertise in their application. Id. Here, the Board explained the record requested is one of the materials it gathers in fulfilling its role, and it is a record that touches on matters concerning Requester, a probationer or parolee. C.R. at Item No. 3 (Position Statement). The Affidavit supports these facts. C.R. at Item No. 3 (Affidavit). It also confirms that the probation order is not excepted from the regulation as a written statement of the reasons for granting or refusing parole. Id., Affidavit at 3. Thus, under the broad language of the regulation, the probation order is protected.

Requester also argues the lack of a sentencing order means he is being held without authority. Pet. for Review at 2, Ex. 1. This argument, questioning the propriety of confinement, is beyond the scope of an appeal under the RTKL. Faulk v. Phila. Clerk of Courts, 116 A.3d 1183 (Pa. Cmwlth. 2015). This Court previously rejected similar arguments on similar facts. See id.; Sturgis v. Dep't of Corr., 96 A.3d 445 (Pa. Cmwlth. 2014). Sentencing orders, which may qualify as court records, may be accessible outside the RTKL. Faulk.

4

We also reject Requester's claim that he is entitled to the record as it concerns him. The public status of a record does not depend on the identity of a requester, which is irrelevant. Padgett v. Pa. State Police, 73 A.3d 644 (Pa. Cmwlth. 2013); Coulter v. Pa. Bd. of Prob. & Parole, 48 A.3d 516 (Pa. Cmwlth. 2012).

### III. Conclusion

For the foregoing reasons, the final determination of OOR is affirmed. However, we emphasize that Requester may have alternate access to the record. See Faulk.[4]

_____
ROBERT SIMPSON, Judge

---

[4] In a proceeding related to our disposition of the RTKL appeal in Faulk v. Philadelphia Clerk of Courts, 116 A.3d 1183 (Pa. Cmwlth. 2015), our Supreme Court allowed Faulk to file original process seeking a writ of habeas corpus and mandamus relief from the Court of Common Pleas of Philadelphia when he alleged lack of an alternate remedy to receive a copy of his sentencing order. Faulk v. Phila. Common Pleas Courts, 127 A.3d 1288 (Pa. 2015) (per curiam order).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelo Lenell Davis,        :
            Petitioner      :
                               :
         v.                   :     No. 944 C.D. 2015
                               :
Pennsylvania Board of Probation     :
and Parole,                     :
            Respondent    :

## **O R D E R**

**AND NOW**, this 3rd day June, 2016, the final determination of the Office of Open Records is **AFFIRMED**.

_____

ROBERT SIMPSON, Judge
