IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lehigh County District Attorney's Office, | : | **CASES CONSOLIDATED** |
| Appellant | : | |
| | : | |
| v. | : | No. 1444 C.D. 2019 |
| | : | |
| William E. Webster, III | : | |

| | | |
|---|---|---|
| William E. Webster III, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 154 C.D. 2020 |
| | : | |
| Lehigh County District | : | |
| Attorney's Office | : | Submitted: March 8, 2024 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOLF                    FILED: August 20, 2024

The Lehigh County District Attorney's Office (DA's Office) appeals from an order entered September 13, 2019, in the Court of Common Pleas of Lehigh County (trial court), affirming a final determination of the Office of Open Records (OOR). The OOR's final determination directed the DA's Office to provide William E. Webster III (Webster) with records responsive to his request for recommendations

made by the DA's Office to the Pennsylvania Parole Board[1] (Parole Board or Board) concerning Webster's parole between years 2016 and 2018. Also before the Court is Webster's *pro se* appeal from the trial court's October 14, 2019 order denying Webster's motion for attorney's fees and litigation costs. For the reasons that follow, we affirm both orders.

## Background

In 2016 and 2017, Webster was denied parole based, in part, on negative recommendations made by the DA's Office. Reproduced Record (R.R.) at 35.[2] Webster submitted a request to the DA's Office pursuant to the Right-to-Know Law (RTKL)[3] seeking "[a]ny and all recommendations made by the [DA's Office] to the [Parole Board] concerning [Webster's] parole, between 2016 and 2018" (Request). R.R. at 71. The DA's Office denied Webster's Request arguing that the information sought is confidential under the Board's regulation relating to confidentiality of writings touching on matters concerning a parolee and thus, exempt from disclosure under the RTKL. *See* 37 Pa. Code § 61.2 (Confidentiality Regulation);[4] Section 305 of the RTKL, 65 P.S. § 67.305.

---

[1] Subsequent to the filing of the notices of appeal, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, 61 Pa.C.S. §§ 6101, 6111(a).

[2] The Reproduced Record is not properly numbered as directed in Pa.R.A.P. 2173 (reproduced record shall be numbered separately in Arabic figures followed by a small "a"). We will nevertheless refer to the page numbers as they have been set forth by the DA's Office.

[3] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[4] The Board's Confidentiality Regulation is set forth in full at page 5, *infra*.

Webster appealed the DA's Office's denial to the OOR. The OOR granted Webster's appeal and directed the DA's Office to turn over all materials responsive to the Request within 30 days. R.R. at 76. The DA's Office filed a timely appeal with the trial court. Following *de novo* review, the trial court affirmed the final determination of the OOR. *Id.* at 42. The DA's Office filed a notice of appeal to this Court on October 10, 2019. *Id.* at 2.[5]

On October 11, 2019, Webster filed a motion for attorney's fees and litigation costs (motion for fees and costs) in the trial court. R.R. at 2. By order entered on October 14, 2019, the trial court denied Webster's motion. Webster filed a notice of appeal to the Superior Court on November 1, 2019. *Id.* The Superior Court transferred Webster's appeal to this Court on December 16, 2019.[6] By order dated February 27, 2020, this Court *sua sponte* consolidated the parties' respective appeals. We discuss each appeal in turn.

## DA's Office's Appeal[7]

The DA's Office raises a single issue for this Court's review. It asserts that the trial court and the OOR erred in concluding that the Board's Confidentiality Regulation does not exempt from disclosure records responsive to Webster's

---

[5] The appeal was docketed at No. 1444 C.D. 2019.

[6] Webster's appeal was docketed at No. 154 C.D. 2020.

[7] Our review of a trial court's order in a RTKL dispute is "limited to determining whether findings of fact are supported by [substantial] evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision." *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 178 n.8 (Pa. Cmwlth. 2019) (quoting *Butler Area Sch. Dist. v. Pennsylvanians for Union Reform*, 172 A.3d 1173, 1178 n.7 (Pa. Cmwlth. 2017)). "The scope of review for a question of law under the [RTKL] is plenary." *Id.* (quoting *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n.2 (Pa. Cmwlth. 2010), *aff'd*, 45 A.3d 1029 (Pa. 2012)).

Request, which relate to correspondence between the DA's Office and the Board regarding Webster's parole status.

We begin with an overview of the RTKL. The General Assembly enacted the RTKL in 2008, replacing what was previously known as the "Right-to-Know Act"[8] and substantially broadening the public's access to government records. *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1129 (Pa. Cmwlth. 2017). The 2008 enactment set forth a comprehensive scheme for public records requests directed at Commonwealth and local agencies. Notably, and in contrast from its predecessor,[9] the RTKL contains a presumption that agency records are public and accessible, "unless they fall within specific, enumerated exceptions or are privileged." *Id.* Section 305(a) of the RTKL details the statutory presumption and provides, in relevant part:

> **(a) General rule.--**A record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record. The presumption shall not apply if:
>
> (1) the record is exempt under [S]ection 708[, 65 P.S. § 67.708];
>
> (2) the record is protected by a privilege; or
>
> (3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree.

---

[8] Act of June 21, 1957, P.L. 390, *as amended*, *formerly* 65 P.S. §§ 66.1-66.9, repealed by the Act of February 14, 2008, P.L. 6.

[9] Under the Right-to-Know Act, the requester bore the burden of establishing that the request bore the characteristics of a public record. *LaValle v. Off. of Gen. Counsel*, 769 A.2d 449, 458 (Pa. 2001).

4

65 P.S. § 67.305(a).[10]  The burden of proving that a record is exempt from public access lies with the Commonwealth or local agency that receives a request and must be established by a preponderance of the evidence.  Section 708(a) of the RTKL, 65 P.S. § 67.708(a).

The clear statutory directives described above provide Commonwealth and local agencies with a well-defined path to defend a public records request from a requester.  To overcome the presumption that the record requested is a public record, an agency may assert one, **or more**, of the three exceptions set forth in Section 305(a) of the RTKL.

Before the OOR, the DA's Office elected to argue that Webster's Request was exempt from disclosure under Section 305(a)(3) of the RTKL ("exempt from disclosure under [a State] regulation . . . ."), citing a Confidentiality Regulation promulgated by the Parole Board and a case involving the Parole Board's defense of a public records request in support.  *See* 37 Pa. Code § 61.2; *Jones v. Off. of Open Recs.*, 993 A.2d 339 (Pa. Cmwlth. 2010).  The Parole Board's Confidentiality Regulation, on which the DA's Office hung its hat, provides:

> Records, reports and other written things and information, evaluations, opinions and voice recordings in the Board's custody or possession touching on matters concerning a probationer or parolee are private, confidential, and privileged; except that a brief statement of the reasons for actions by the Board granting or refusing a parole will at all reasonable times be open to public inspection in the offices of the Board.

37 Pa. Code § 61.2.

---

[10] The language of the presumption tracks the definition of "public record" set forth in Section 102 of the RTKL, 65 P.S. § 67.102.

5

In *Jones*, a state prison inmate filed a RTKL request, asking the Board for access to recommendations by the sentencing judge and prosecuting attorney related to the denial of his parole. *Jones*, 993 A.2d at 340. The Board denied the request, concluding that the documents were privileged in accordance with its Confidentiality Regulation. On appeal, the OOR affirmed the Board's denial of the inmate's request. On further appeal this Court affirmed, holding that the Board established the requested documents were privileged pursuant to the Confidentiality Regulation. The *Jones* Court stated:

> Given the broad language of this regulation, we conclude any recommendation made by the sentencing judge and prosecuting attorney would qualify as "[r]ecords" and "evaluations and opinions" that are "in the Board's custody" that "touch[ ] on matters concerning a probationer or parolee," and thus would be considered "private, confidential and privileged." Accordingly, we find the Board met its burden of establishing these recommendations are not subject to disclosure.

*Jones*, 993 A.2d at 342.[11]

Based on the plain language of the Board's Confidentiality Regulation and distinguishing the *Jones* case, the OOR rejected the DA's Office's rationale for denying Webster's Request. It found that the Confidentiality Regulation makes confidential "[r]ecords, reports and other written things and information, evaluations, opinions and voice recordings *in the Board's custody or possession*." 37 Pa. Code § 61.2 (emphasis added). Accordingly, while the Confidentiality Regulation functioned to exempt the records from disclosure in *Jones* (where the

---

[11] The *Jones* Court also discussed whether a sentencing judge or a prosecuting attorney could waive the Board's confidentiality provision, and found there was no authority to do so. *Jones*, 993 A.2d at 343. Thus, when a request is directed *at the Board*, documents authored by either a sentencing judge or prosecuting attorney, once in the Board's possession, are shielded from disclosure under Section 305(a)(3) of the RTKL and the Board's Confidentiality Regulation.

6

request was directed to the Board), the Confidentiality Regulation could not serve as a basis to exempt from disclosure a records request directed to the DA's Office. The trial court agreed with the OOR's reasoning, explaining:

> The [DA's Office] is a local agency subject to the RTKL and subject to disclosure of public records in its possession. . . . Records in the possession of such a local agency are presumed public unless those same records have been deemed exempt from disclosure under the RTKL, or are protected as privileged. The statute does not create an exemption from disclosure if the records in the possession of the subject local agency have been determined under the statute to be free from required disclosure when those same documents are in the possession of another state or local agency.

R.R. at 40-41.

This Court agrees with the OOR and the trial court that the Board's Confidentiality Regulation does not exempt records responsive to Webster's Request from disclosure. The plain language of the Confidentiality Regulation makes records, reports, etc. *in the Board's custody or possession* confidential. While the *Jones* decision held that written parole recommendations by a sentencing judge and prosecuting attorney were exempt from disclosure under the RTKL and the Confidentiality Regulation, the DA's Office's reliance on this case is misplaced and ignores the fact that the RTKL request in *Jones* was made *to the Board.*

As a general rule, courts do not have the power to ignore clear and unambiguous statutory language in pursuit of a statute's alleged or perceived purpose. *Dep't of Transp. v. Taylor*, 841 A.2d 108, 111-12 (Pa. 2004). The Statutory Construction Act of 1972 (Statutory Construction Act)[12] directs that, in construing statutory language, "[w]ords and phrases shall be construed according to rules of

---

[12] 1 Pa.C.S. §§1501-1991.

grammar and according to their common and approved usage." Section 1903 of the Statutory Construction Act, 1 Pa.C.S. § 1903. Pursuant to Section 1921(c) of the Statutory Construction Act, 1 Pa.C.S. § 1921(c), it is only when the words of a statute "are not explicit" that a court may resort to other considerations, such as the statute's perceived "purpose," in order to ascertain the legislative intent. Important here, "[w]here the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words." *Pa. Fin. Responsibility Assigned Claims Plan v. English*, 664 A.2d 84, 87 (Pa. 1995).

Pennsylvania courts recognize that "[s]tatutory construction rules apply equally to the interpretation of administrative regulations." *Wheeling-Pittsburgh Steel Corp. v. Dep't of Env't Prot.*, 979 A.2d 931, 937 (Pa. Cmwlth. 2009). In this case, the language of the Board's Confidentiality Regulation is clear and unambiguous—"[r]ecords, reports and other written things and information, evaluations, opinions and voice recordings *in the Board's custody or possession*," are private, confidential, and privileged. 37 Pa. Code § 61.2 (emphasis added). In essence, the DA's Office seeks to alter the plain language of the Confidentiality Regulation by deleting the phrase "in the Board's custody or possession" in order to buttress its argument that parole-related records are confidential, regardless of what agency possesses it. Clearly, the rules of statutory construction do not allow the unambiguous language of the Board's Confidentiality Regulation to be modified in this way.

This end result is unfortunate, and largely a product of lackadaisical litigation on behalf of the DA's Office. Despite no prior case law directly on point, the DA's Office chose to litigate this novel issue by invoking a regulation promulgated by, and solely applicable to, a separate agency. Notably absent was an invocation of

8

**any of the statutory exemptions** set forth in Section 708 of the RTKL, some of which may have, if properly raised, shielded the documents responsive to the parole-related Request from disclosure.

While the facts of this case may be novel, the practice of raising multiple defenses in denying a RTKL records request is certainly not. This Court's decision in *Coulter v. Pennsylvania Board of Probation and Parole*, 48 A.3d 516 (Pa. 2012), is especially illustrative. In *Coulter*, a requester submitted a request to the Board seeking records and reports from agents that investigated her proposed parole home plans.[13] The Board denied the request on two separate bases. The Board first asserted that the records sought were not "public" pursuant to Section 305(a)(3) of the RTKL, citing the Board's Confidentiality Regulation. 65 P.S. § 67.305(a)(3). As a failsafe, the Board also invoked Section 305(a)(1) of the RTKL, arguing that the request was statutorily exempt under the noncriminal investigation exemption set forth in Section 708(b)(17). 65 P.S. §§ 67.305(a)(1), 67.708(b)(17). The requester appealed the Board's denial, arguing that the Confidentiality Regulation was waived because the Board had disclosed the responsive documents to third parties. The OOR rejected the requester's argument and held that the requested records were exempt from disclosure, and that the Board's disclosure of such records to third parties does not render them "public" under the RTKL. On further appeal, this Court agreed with the OOR's analysis. Notably, this Court also addressed the Board's failsafe argument, stating:

> Even if we held that the Board was estopped from claiming the documents were subject to disclosure under 65 P.S. § 67.305(a)(3), the information sought would still

---

[13] A "Home Plan" is part of a parolee's Plan of Supervision and helps determine where the parolee will live while on parole. The "Home Plan" must be approved by the Board. *See, e.g.*, *Barge v. Pa. Bd. of Prob. & Parole*, 39 A.3d 530 (Pa. Cmwlth. 2012).

not be subject to disclosure under Section 708(b)(17) of the RTKL, which provides:

> (b) Exceptions. Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
>
> ….
>
> (17) A record of an agency relating to a noncriminal investigation, including:
>
> ….
>
> (ii) Investigative materials, notes, correspondence and reports.
>
> Under this provision, [requester] was not entitled to the documents requested because the information requested was records of a noncriminal investigation to determine whether [the requester's] [h]ome [p]lans were appropriate.

*Coulter*, 48 A.3d at 519. As the burden of proving that a record is exempt from public access lies with the local agency, raising multiple bases when denying a records request is commonplace. *See, e.g.*, *Vu v. Pa. Bd. of Prob. & Parole*, 200 A.3d 627, 629 (Pa. Cmwlth. 2018) (defending a records request "inter alia" on the basis of the Board's Confidentiality Regulation); *Davis v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 944 C.D. 2015, filed June 3, 2016)[14] (defending a records request on the basis of (1) the Board's Confidentiality Regulation; (2) the criminal and

---

[14] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

10

noncriminal investigative exceptions under the RTKL, 65 P.S. § 67.708(b)(16), (17); and (3) the Criminal History Record Information Act, 18 Pa.C.S. § 9101-9183).

The DA's Office here, however, chose to rationalize its denial of Webster's Request on one basis, which ultimately did not carry the day. Without the DA's Office invoking an alternate basis for denial, such as the RTKL's statutory exemptions, we do not opine on any hypothetical outcomes this Court could have reached had this issue been litigated more tactically. As always, the Court remains mindful of the serious policy concerns implicated in granting these types of records requests under the RTKL. *See Coulter*, 48 A.3d at 519; *Toland v. Pa. Bd. of Prob. & Parole*, 311 A.3d 649, 666 (Pa. Cmwlth. 2024). Nevertheless, we are constrained to affirm the trial court's order affirming the final determination of the OOR and directing the DA's Office to provide Webster with records responsive to the Request.

**Webster's Appeal**

Next, we address Webster's appeal of the trial court's order denying his motion for fees and costs. In his underlying motion, Webster relied on Section 1304(a) of the RTKL, which provides:

> **(a) Reversal of agency determination.--**If a court reverses the final determination of the appeals officer or grants access to a record after a request for access was deemed denied, the court may award reasonable attorney fees and costs of litigation or an appropriate portion thereof to a requester if the court finds either of the following:
>
> > (1) the agency receiving the original request willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith under the provisions of this act; or

> (2) the exemptions, exclusions or defenses asserted by the agency in its final determination were not based on a reasonable interpretation of law.

65 P.S. § 67.1304(a).

The trial court denied Webster's motion for fees and costs, finding that neither of the prerequisites set forth above were satisfied. The trial court held that the DA's Office denied Webster's Request based on a good faith, reasonable interpretation of the law. R.R. at 67. The trial court stressed that it "found that under existing statutory and case law, the decision of the [OOR] should stand," and that "there was a reasonable basis upon which the [DA's Office] is challenging the existing body of law." *Id.*

Before this Court, Webster raises six separate challenges to the trial court's attorney's fees determination. Distilling these arguments together, Webster asserts the DA's Office did not appeal based on a good faith or reasonable interpretation of the law and that the appeal was frivolous, thereby entitling him to attorney's fees and costs under the RTKL. The DA's Office counters that the trial court's opinion reflects that its argument was neither meritless nor based on an unreasonable interpretation of the law.

On review, we conclude that Webster is not entitled to claim attorney's fees for reasons not recognized below. He is not claiming he incurred the legal costs of an attorney; rather, he has itemized his own time and is seeking to be reimbursed for the time he has spent on this matter. However, it is beyond peradventure that a *pro se* litigant may not make a claim for or be awarded attorney's fees. *Kanofsky v. Tax Rev. Bd.* (Pa. Cmwlth., No. 2740 C.D. 2015, filed January 5, 2017), slip op. at 9 (citing *Westmoreland Cnty. Indus. Dev. Auth. v. Allegheny Cnty. Bd. of Prop. Assessment, Appeals & Rev.*, 723 A.2d 1084, 1086-87 (Pa. Cmwlth. 1999)).

12

As to costs, we agree with the DA's Office. While the Court is uninspired by the DA's Office's litigation of this matter, nothing in the record or in this Court's review of applicable case law leads us to conclude that the DA's Office acted in bad faith or so unreasonably interpreted applicable law that it warrants costs. As reflected in the OOR's and trial court's opinions, the DA's Office raised reasonable arguments forwarding its proposed interpretation of the Confidentiality Regulation. Webster's success on the merits does not entitle him to attorney's fees and costs as of course. Stated another way, the trial court's rejection of the argument set forth by the DA's Office on appeal does not dictate the conclusion that it was somehow frivolous or posited in bad faith.[15] The trial court below did not err in declining to award attorney's fees and costs.

### Conclusion

For the reasons set forth above, we affirm the trial court's September 13, 2019 order affirming the final determination of the OOR. We are constrained to conclude that because Webster's Request was directed to the DA's Office, responsive records are not exempt from disclosure under Section 305(a)(3) of the RTKL because the Board's Confidentiality Regulation unambiguously shields only those documents in the Board's possession. In so holding, the Court emphasizes that this case is factually and procedurally unique due to the DA's Office's failure to invoke any of the statutory exemptions available to it under Section 708 the RTKL, which may or may not have prevented disclosure on a separate basis.

---

[15] To the extent Webster claims he is entitled to attorney's fees pursuant to Pa.R.A.P. 2744, we reject that argument for the same reasons set forth above.

13

We also affirm the trial court's October 14, 2019 order, which properly denied Webster's motion for fees and costs.[16]

_____
MATTHEW S. WOLF, Judge

---

[16] On March 4, 2020, Webster filed a "Motion to Correct the Deficient Record" (motion to correct) with this Court. Therein, he alleged that the original record in this matter is missing two items: "[Webster's] 12/13/19 MOTION TO COMPEL COURT OFFICERS/SYSTEM AND RELATED PERSONNEL TO USE PROPER PRIVILEGED MAIL PROCEDURES PURSUANT TO D.O.C. POLICY" and the trial court's "12/3/19 ORDER dismissing this motion." No answer was filed and by order dated April 23, 2020, we listed the motion to correct with the merits. Our review of the record reflects that these items are indeed missing; however, because they are not relevant to the issues raised in this appeal, we are not inclined to direct the trial court to file a supplemental record at this stage of the proceedings. Accordingly, the motion to correct is denied.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lehigh County District Attorney's Office, | : | **CASES CONSOLIDATED** |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1444 C.D. 2019 |
| | : | |
| William E. Webster, III | : | |

| | | |
|---|---|---|
| William E. Webster III, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 154 C.D. 2020 |
| | : | |
| Lehigh County District Attorney's Office | : | |

# **O R D E R**

AND NOW, this 20th day of August, 2024, the orders of the Court of Common Pleas of Lehigh County entered September 13, 2019, and October 14, 2019, are AFFIRMED.

William E. Webster III's "Motion to Correct the Deficient Record" is DENIED.

_____

MATTHEW S. WOLF, Judge