J-S47006-23

2024 PA Super 230

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIANNA MAY SMITH | : | No. 1195 EDA 2023 |

Appeal from the Order Entered April 4, 2023
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0002074-2017

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STABILE, J.:                    **FILED OCTOBER 1, 2024**

The Commonwealth appeals from the April 3, 2023, order dismissing its petition for violation of special probation.  Upon review, we vacate and remand for proceedings consistent with this opinion.

On January 3, 2018, Appellee, Brianna May Smith, pleaded guilty to one count of possession with intent to deliver ("PWID").  She was sentenced to a period of two years of special probation, to be supervised by the Pennsylvania State Board of Probation and Parole ("the Board").  **See** Order, 3/20/18.  On February 27, 2023, the Commonwealth filed a Petition for Violation of Special Probation and asserted that Appellee committed technical violations of her conditions of special probation.  Appellee filed a motion to dismiss the Commonwealth's petition, citing **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019), for the proposition that she cannot be found to have violated

_____

[*] Former Justice specially assigned to the Superior Court.

conditions of probation that were not imposed at the time of sentencing. **See** Motion to Dismiss, 2/27/23, at 2 (unpaginated).

After a hearing, the trial court granted Appellee's motion and dismissed the Commonwealth's petition for a probation violation. N.T., 4/3/23, at 28. This appeal followed. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925(a).

On appeal, the Commonwealth raises two issues for our review:

A. Whether the trial court committed an error of law when it failed to acknowledge that the requirement that a special probationer follow the general conditions of special probation, contained in the 37 Pa. Code § 65.1 which is a separate regulatory requirement beyond a trial court's statutory authority to impose conditions of probation which includes abstaining from unlawful possession or use of narcotics and/or controlled substances?

B. Whether the trial court committed an error of law in its application of **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019) as it relates to [Appellee] who was sentenced prior to **Foster** on March 20, 2018 and who while on special probation violated her probation by illegally ingesting a controlled substance?

Commonwealth's Brief at 4. As these issues are related, we address them together.

Revocation of a probation sentence is a matter within the sound discretion of the trial court and will not be disturbed absent an error of law or an abuse of discretion. **Commonwealth v. Shires**, 240 A.3d 974, 977 (Pa. Super. 2020). The Commonwealth contends that the trial court erred "by failing to recognize the regulatory provisions for special probationers set forth

in 37 Pa. Code § 65.1 which provide [Appellee] with notice of her requirements of supervision."   Commonwealth's Brief at 9.   Amicus, the Department of Corrections ("DOC"), argues that it has the power to supervise offenders placed on probation by a trial court pursuant to Act 59 of 2021.[1]  Amicus Brief at 6.   The DOC maintains that "by the imposition of special probation by the Department of Corrections, both [Appellee] and her defense attorney were informed of all of the general conditions of special probation as it is statutory." Commonwealth's Brief at 14.   We agree.

We begin our analysis with the law regarding the imposition of probation by the trial court.  An order of probation is among the sentencing alternatives available to a court at time of sentencing.   *See* 42 Pa.C.S.A. § 9721.   In imposing a probationary sentence, the trial court is required to "specify the length of any term during which the defendant is to be supervised . . . and the authority that shall conduct the supervision." 42 Pa.C.S.A. § 9754(a).[2] In addition, at the time of Appellee's sentencing, the trial court was empowered to attach reasonable conditions as authorized by law as it

---

[1] Previously, the authority was with the Pennsylvania Board of Probation and Parole.   *See* 61 Pa.C.S.A. § 6133 (effective October 13, 2009; repealed June 30, 2021).    That authority transferred to the Department of Corrections pursuant to Act 59 of 2021.   *See* 61 Pa.C.S.A. § 6172.  The statutory language of Section 6172 is substantially similar to Section 6133.

[2] Section 9754, effective June 30, 1988, was amended on December 18, 2019. As stated, Appellee was sentenced prior to the 2019 amendment.  The 2019 amendments did not change a court's duty to specify the length of any term during which the defendant is to be supervised and the authority that shall conduct the supervision.

"deem[ed] necessary to ensure or assist a defendant in leading a law-abiding life." **See** 42 Pa.C.S.A. § 9754(b).[3]

In **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019), our Supreme Court held that the statutory language under Section 9754 must be strictly construed to require all specific conditions of probation to be enumerated at the time of sentencing. **Id.** at 1250. The defendant in **Foster** was sentenced to four years of probation. The trial court found Foster violated his probation because he was not taking probation seriously and did not attempt to "conform to society's expectations of its citizenry." **Id.** at 1244. This Court found that the trial court's decision to revoke Foster's probation was not an abuse of discretion or an error of law. Our Supreme Court disagreed. It found that the trial court "disregarded the statutory requirement that a court must first find the defendant either committed a new crime or violated a specific condition of probation in order to be found in violation." **Id.** at 1251. In so holding the Court held:

> We find the language of the pertinent statutory provisions to be clear and unambiguous. The law provides a general condition of probation – that the defendant lead "a law-abiding life," i.e., that the defendant refrain from committing another crime. To [e]nsure

---

[3] In 2024, Section 9754(b) was amended to delete its reference to conditions that will "ensure or assist a defendant to lead a law-abiding life." Section 9754(b) now only references Section 9763. Section 9763 provides enumerated conditions that the trial court may impose that it deems necessary and which "provides the least restrictive means available to promote the defendant's rehabilitation and protection of the public." **See** 42 Pa.C.S.A. § 9763(b). This change does not affect our analysis of the issues presently before this Court.

that general condition is met, or to assist the defendant in meeting that general condition, the order must also include certain "specific conditions" from the list enumerated in section 9754(c). Only upon the violation of any of the "specified conditions" in the probation order (general or specific) may a court revoke the defendant's probation. In other words, a court may find a defendant in violation of probation only if the defendant has violated one of the "specific conditions" of probation included in the probation order or has committed a new crime. The plain language of the statute does not allow for any other result.

*Id.* at 1250. Consequently, it vacated the order finding Foster in violation of probation and remanded to the trial court for further proceedings. *Id.* at 1251, 1254.

In *Commonwealth v. Elliott*, 50 A.3d 1284, 1292 (Pa. 2012), a case pre-dating *Foster*, our Supreme Court analyzed the interplay between the Board's regulatory authority set forth in the Prison and Parole Code, specifically 61 Pa.C.S.A. §§ 6131 and 6151, and the trial court's authority to impose a sentence as set forth in 42 Pa.C.S.A. §§ 9751, 9754 and 9771. The defendant in *Elliott* was sentenced to four and a half to nine years imprisonment, followed by a consecutive five years of probation. *Id.* at 1285. Elliott was adjudicated a sexually violent predator ("SVP") and the trial court imposed three specific conditions of probation: (1) sex offender registration; (2) no contact, direct or indirect, with the victims; and (3) no unsupervised contact with any minor child. *Id.* Due to Elliott's SVP status, the trial court requested that the Board supervise him as a special probationer[4] upon his

_____

[4] "The board shall have exclusive power to supervise any person placed on probation by any judge of a court having criminal jurisdiction, when the court by special order directs supervision by the board." 61 Pa.C.S.A. § 6133(a).

release from prison. *Id.* He ultimately was provided, and signed, standard special conditions for sex offenders provided by the Board. *Id.* at 1286.

The trial court found Elliott violated his conditions of probation, namely no contact with victims and not being allowed within 1,000 feet of areas where minors are likely to be present. *Id.* at 1287. This Court found that the Board's condition that Elliott was prohibited from contacting minors was incorporated into the trial court's condition that he refrain from contact with minors. *Id.* at 1288. However, this Court found that the Board's condition that prohibited Elliott from being within 1,000 feet of minors was *not* incorporated into the trial court's general no-contact requirement. *Id.* at 1288-89. Our Supreme Court disagreed and found that the condition prohibiting Elliott from being within 1,000 feet of minors **was** "derivative of the trial court's condition of probation that [Elliott] not have unsupervised contact with minors." *Id.* at 1292. In reaching its conclusion the Supreme Court explained:

> [T]he Board and its agents **may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court**. This interpretation gives meaning to all of the statutory provisions relevant to this case and thus: (1) maintains the sentencing authority solely with a trial court; (2) permits the Board and its agents to evaluate probationers on a one-on-one basis to effectuate supervisions; (3) sustains the ability of the Board to impose conditions of supervision; and (4) authorizes that a probationer may be detained, arrested, and "violated" for failing to comply with either a condition of probation or conditions of supervision. **In summary, a trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those**

> **supervision conditions are in furtherance of the trial court's conditions of probation**.

***Commonwealth v. Elliott***, 50 A.3d 1284, 1292 (Pa. 2012) (emphasis added).[5]

    ***Foster*** and ***Elliott*** pertain to the general principles that govern a trial court's imposition of probation, the need for a trial court to identify any conditions of probation, and the Board's authority to impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court.[6]  "[A] probationer may be

---

[5] At the time ***Elliott*** was decided, Section 6131 permitted the Board to create uniform standards for the supervision of offenders.  61 Pa.C.S.A. § 6131 (effective October 13, 2009 to February 17, 2020).  That authority has moved to the DOC.  ***See*** 61 Pa.C.S.A. § 6171(a)(11)(ii) (effective June 30, 2021).

Likewise, Section 6151 defined "conditions of supervision" as "[a]ny terms or conditions of the offender's supervision, whether imposed by the court, the board or an agent, including compliance with all requirements of Federal, State and local law."  61 Pa.C.S.A. § 6151 (effective October 13, 2009; repealed June 29, 2021).  That definition has moved to Section 6101 and now states: "[a]ny terms or conditions of the offender's supervision, whether imposed by the court, the department or an agent, or promulgated by the board as a regulation, including compliance with all requirements of Federal, State and local law." 61 Pa.C.S.A. § 6101 (effective June 30, 2021).

Section 9771 governs modification or revocation of probation and states that a court may increase the conditions of or revoke an order of probation "upon proof of the violation of specified conditions of the probation."  42 Pa.C.S.A. § 9771(b).

[6] Although the defendant in ***Elliott*** was placed on special probation, the condition alleged to have been violated was not among the enumerated *special* conditions imposed by operation of law under 37 Pa. Code § 65.4.  The condition alleged to have been violated was a *specific* condition of probation imposed by the trial court.

detained, arrested, and violated for failing to comply with either a condition of probation or a condition of supervision," as long as the condition of supervision does not exceed the Board's authority to impose it. *Id.*

*Foster* and *Elliott* however are distinguishable from the present case. Here, the trial court ordered *special probation*. "Special probation" is a type of probation authorized by statute. *See* note 4, *supra*. When ordered by a trial court, the DOC has "exclusive power to supervise any offender placed on probation by any judge of a court having criminal jurisdiction when the court, by *special* order, consistent with the regulations of the [DOC], directs supervision by the [DOC]." 61 Pa.C.S.A. § 6172.[7] When placed on special probation, a special probationer is subject to the following general conditions of special probation or parole, to wit:

> A **special probationer** or parolee **is subject** to the following conditions:
>
> (1) Be under the supervision of a district office or suboffice and not leave that district without prior written permission of the parole supervision staff.
>
> (2) Obtain the written permission of the parole supervision staff before changing his residence.

---

[7] "Acceptance of a case for supervision or presentence investigation from a county which, on December 31, 1985, maintained adult probation offices and parole systems, is at the Board's discretion." 37 Pa. Code § 65.1. The amicus DOC has represented that currently, all counties, except for Mercer and Venango, have adult probation and parole systems. Amicus Brief at 10, n.4. Consistent with applicable regulations, DOC has represented it "will ordinarily accept a case for supervision if it is a felony conviction and a sentence to serve a probationary term of at least two (2) years." *Id.* at 6 (citing 37 Pa. Code § 65.1).

(3)  Maintain regular contact with the parole supervision staff by:

   (i)  Reporting regularly as instructed and following written instructions of the Board or the parole supervising staff.

   (ii)  Notifying the parole supervision staff within 72 hours of one of the following:

      (A)  Arrest.

      (B)  Receipt of a summons or citation for an offense punishable by imprisonment upon conviction.

   (iii)  Notifying the parole supervising staff within 72 hours of a change in status including, but not limited to employment, on the job training and education.

(4)  Comply with municipal, county, State and Federal criminal statutes, as well as the Vehicle Code and the Liquor Code (47 P.S. §§ 1-101—9-902).

(5)  Additionally:

   **(i)  Abstain from the unlawful possession or sale, of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device and Cosmetic Act (35 P.S. §§ 780[.]101—780.144) without a valid prescription.**

   (ii)  Refrain from owning or possessing firearms or other weapons.

   (iii)  Refrain from assaultive behavior.

(6)  Pay fines, costs and restitution imposed by the sentencing court in accordance with the instructions contained in the Conditions Governing Special Probation/Parole form.

37 Pa. Code § 65.4 (emphasis added).  The Board has explained that "special probation" is a type of probation imposed by a court having criminal

jurisdiction which, by special order, directs the Board, pursuant to the Prisons and Parole Code, 61 Pa.C.S.A. § 6133, to supervise the offender.[8] ***Coulter v. Pennsylvania Bd. of Probation and Parole***, 48 A. 3d 516, 517 n3 (Pa. Cmwlth. 2012). In a "special probation" case, the criminal jurisdiction retains probation revocation authority. ***Id.*** "Agents are in a supervisory relationship with their offenders. The purpose of the supervision is to assist the offenders in their rehabilitation and re-assimilation into the community and to protect the public." ***Id.***[9] (citing 61 Pa.C.S.A. § 6153 (effective October 13, 2009; repealed and replaced by 61 Pa.C.S.A. § 6182(a), effective June 30, 2021)).

In this case, while the trial court did not impose any conditions of probation at the time of Appellee's sentence, it did expressly sentence Appellee to **special probation**. Its order provides as follows:

> [I]t is the sentence of this [c]ourt that [Appellee] be placed on **special probation** for a period of two (2) years to be supervised by the Pennsylvania State Board of Probation and Parole.
>
> The Clerk of Courts is DIRECTED to forward a copy of this conviction to the Department of Transportation for license suspension pursuant . . . Title 75 1532(4)(c).
>
> [Appellee] is entitled to time credit of one day.
>
> This sentence shall run consecutive to that imposed in Case No. 2375 Criminal 2017.

_____

[8] As previously stated, the authority was transferred to the DOC. ***See*** note 1, ***supra.***

[9] By comparison, probationers subject to "unsupervised probation" are not subject to direct supervision, but still must comply with rules set by the court.

N.T., Sentencing 3/20/18, at 11.

An order of special probation falls outside the general rule that a probationer may only be found to have violated a specific condition of probation if that condition is *expressly* made a part of the court's probation order. Rather, conditions of special probation under Section 65.4 are mandatory. Properly enacted regulations have the force and effect of law. *See Eastwood Nursing v. Department of Public Welfare*, 910 A.2d 134, 141 (Pa. Cmwlth. 2006). Under Section 6172(a), the DOC has exclusive power to supervise special probationers consistent with regulations of the DOC. DOC regulations expressly require that all special probationers abstain from the unlawful possession or sale, of narcotics, dangerous drugs, and controlled substances without a valid prescription. *See* 37 Pa. Code § 65.4(5)(i). We therefore agree that Appellee was informed of and bound by the general conditions of special probation by operation of law simply by the imposition of *special probation* in the court's sentencing order.

Our review of the record leaves no doubt that the trial court in fact intended the mandatory conditions of special probation to be a part of its probation order. The trial court acknowledged that the conditions set forth in Section 65.4 apply by law when it signed the Request for Special Probation/Parole Supervision on March 11, 2019.[10] Appellee was then

_____

[10] "If the Pennsylvania [Department of Corrections] accepts supervision of this case, the above-referenced offender **must comply** with the General
*(Footnote Continued Next Page)*

- 11 -

provided a written copy of the Conditions Governing Special Probation/Parole, which she signed on March 13, 2019. By signing that document, Appellee acknowledged "that I have read, or have had read to me, the foregoing conditions of my probation/parole; I fully understand them and agree to follow such conditions; and fully understand the penalties involved should I in any manner violate them." ***See*** N.T., 4/3/23, Exhibit 3, Conditions Governing Special Probation/Parole. The record clearly indicates that Appellee received notice of her conditions of special probation and was aware of such conditions at the time the alleged violations occurred.

We therefore conclude the trial court erred in its reliance on ***Foster*** in finding no violation of special probation upon the basis it believed no specific conditions of probation were imposed at the time of Appellee's sentence. As we have explained, the order for special probation carried with it conditions mandated by law. Moreover, we observe that the procedural posture of this

_____

Conditions of Special Probation or Parole as set forth in 37 Pa. Code § 65.4, as well as any Special Conditions of Special Probation or Parole imposed by this court. If this Request for Special Probation/Parole Supervision does not meet [the Department's] acceptance criteria as set forth in 37 Pa. Code § 65.1, or the above-referenced offender is not available for supervision, the above-referenced offender's supervision will remain with [the trial court]. It is acknowledged that [the trial court] will place Special Conditions on the above-referenced offender that are consistent with the [Department's] supervision practices. To the extent that [the trial court] does not place such Special Conditions on the above-referenced offender, [the trial court] acknowledges that the responsibility for the above-referenced offender's supervision will remain with or revert or revert to [the trial court], upon written notice from the [Department] to [the trial court]." ***See*** N.T., 4/3/23, Exhibit 1, Request for Special Probation/Parole (emphasis added).

case was from the order dismissing of the Commonwealth's petition for violation of special probation. Due to that early dismissal, the trial court had not yet conducted *Gagnon I* and *Gagnon II*[11] hearings relative to the Commonwealth's petition for violation of special probation. Upon remand, these procedural formalities first must be complied with before proceeding to a revocation hearing.

Accordingly, we vacate the April 3, 2023, order dismissing the Commonwealth's petition for violation of special probation and remand for proceedings consistent with this opinion.

Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2024

_____

[11] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613 (Pa. Super. 2000) (explaining when a probationer is detained based on an alleged probation violation, due process requires a *Gagnon I* hearing to determine whether there is probable cause that probationer committed a violation, followed by a second more comprehensive *Gagnon II* hearing wherein the trial court determines whether to revoke probationer's probation.)